VALIENTE & Co., demandante y apelada, *v.* SUCN. DE ABDÓN FUENTES MARRERO, ETC., demandada y apelada.

No. 5567.—*Sometido:* Mayo 17, 1932. *Resuelto:* Julio 29, 1933.

*Pedro G. Quiñones* y *De la Torre & Ramírez,* abogados de la apelante; *R. Rivera Zayas* y *R. Díaz Cintrón,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En junio de 1921, y nuevamente en junio de 1922, Abdón Fuentes fué recluído en el Manicomio Insular. El caso fué diagnosticado como uno de demencia parética o parálisis general progresiva. En julio de 1922, con motivo de su demencia, Fuentes fué declarado estar mentalmente incapacitado para administrar sus propios negocios y su hijo Florentino fué nombrado tutor suyo. En abril de 1923 la corte de distrito, que había declarado a Abdón Fuentes mentalmente incapacitado, halló que éste había sido curado de su demencia y dió por terminada la tutela. En septiembre de 1927 Florentino Fuentes y Abdón Fuentes suscribieron, como deudores solidarios, dos pagarés en favor de Valiente & Co., o a su orden.

El nombre de Abdón Fuentes fué suscrito por uno de los testigos. Una marca fué identificada como hecha por Fuentes. Una carta fechada agosto 10, 1928, redactada por un empleado de Florentino Fuentes y que se decía haber sido escrita a instancia de Abdón Fuentes, lleva la firma de Abdón Fuentes y su esposa Rosalía Suárez. El empleado que escribió esta carta, incluyendo las firmas, declaró que Abdón Fuentes y su esposa firmaron haciendo sus marcas en presencia de él. Abdón Fuentes en aquel entonces estaba recluído en cama y murió poco después. Un médico que fué llamado en consulta unas cuatro semanas antes de la muerte de Fuentes, lo halló en un estado avanzado de demencia parética. El médico que lo había atendido con anterioridad a la fecha de esta consulta, fué llamado como testigo de la defensa, pero no compareció durante el juicio.

La demandante obtuvo sentencia por algo menos de

$13,000. Esta suma incluía más de $10,000 que se alegaba se debían por concepto de los dos pagarés, arriba mencionados y una deuda de algo menos de $2,000, originalmente contraída por Florentino Fuentes, todo lo cual había sido cargado a la cuenta de Abdón Fuentes de conformidad con los términos de la carta de agosto 10, 1928.

Dos de los demandados, Aurelia Fuentes de Rodríguez y Rosalía Fuentes y Suárez, después de ciertas admisiones y negativas, alegaron que Abdón Fuentes era incapaz de celebrar ningún contrato al tiempo en que se alegaba se otorgaron los dos pagarés y al tiempo en que se sostenía se escribió la carta de agosto 10, 1928. El testimonio relativo a los hechos arriba reseñados y sobre la naturaleza progresiva, aunque a veces intermitente, de la enfermedad, estableció razonablemente la defensa de incapacidad mental. El juez de distrito declaró que la demostración prima facie de la parte demandada había sido destruída por la orden judicial de abril 19, 1923, ofrecida como *rebuttal* por la demandante. El juez de distrito, sin embargo, llegó a esta conclusión fundado en la teoría de que surgió un impedimento (*estoppel*) de conformidad con el inciso 3 del artículo 101 de la Ley de Evidencia, el cual dispone que: "Siempre que una de las partes hubiere, por su propia declaración, acto u omisión, inducido intencional o deliberadamente a otra de las partes, a creer en la verdad de una cosa y obrar en esa creencia, no se podrá en ningún litigio a que diere lugar dicha declaración, acto u omisión, permitir a aquélla que la refute."

La hija, Aurelia Fuentes de Rodríguez, no fué parte en el procedimiento que culminó en la orden de abril 19, 1923. Nada hay que demuestre que la esposa o la hija "por su propia declaración, acto u omisión," o en alguna otra forma, "intencional o deliberadamente," o de algún otro modo, indujeron a la demandante a creer que Abdón Fuentes estaba cuerdo en el momento que se alega otorgó los pagarés y escribió la carta en cuestión. Nada hay que demuestre que la demandante fué inducida por alguien a que confiara en

la orden de abril 19, 1923, o que ella se basó en esa orden. Nada hay que demuestre que la demandante tuviera conocimiento alguno de la orden.

██ Puede admitirse que la orden, aunque haya podido ser un error judicial cometido durante un período de remisión o de un llamado intervalo lúcido, es concluyente sobre la cuestión de cordura en aquel momento. Puede igualmente admitirse que la "rehabilitación" de cordura evidenciada por esta declaración debe presumirse que ha continuado por "el tiempo que ordinariamente duran las cosas de igual naturaleza." Véase el inciso 31 del artículo 101 de la Ley de Evidencia. Abdón Fuentes, quien se demostró concluyentemente estar sufriendo de paresis progresiva unos dos años o más con anterioridad a su rehabilitación judicial, difícilmente puede presumirse haber estado cuerdo durante un período de cinco años a partir de la fecha de tal declaración. En lo que a la última parte de dicho período se refiere, semejante presunción hubiese sido destruída por la prueba. El hecho de que se hallara que al finalizar o casi al terminar este período de cinco años Fuentes estaba en un estado adelantado de paresis progresiva, tomado en conexión con la naturaleza de esa enfermedad y la fecha de su primer desarrollo, bastaba para demostrar que él no había estado cuerdo por algún tiempo con anterioridad al momento de su muerte.

Uno de los miembros de la firma demandante parece haber participado como uno de los tasadores en la preparación de un inventario de los bienes de Fuentes en la época en que éste fué declarado loco. El estado mental de Fuentes en el momento en que la carta fué escrita, si no cuando fueron suscritos los pagarés, hubiese sido aparente a cualquier médico. Los pagarés, al igual que las obligaciones asumidas en la carta, eran absolutamente nulos, ora la demandante tuviera conocimiento o no del trastorno mental de Fuentes. Otras partidas de la cuenta parecen no tener mejor fundamento.

*La sentencia apelada debe ser revocada en lo que a las*

*demandadas Aurelia Fuentes de Rodríguez y Rosalía Fuentes y Suárez se refiere, y en su lugar la sentencia de esta Corte será en el sentido de que en cuanto a tales demandadas concierne, la demandante no puede cobrar, todo ello sin especial pronunciamiento de costas.*

Los Jueces Asociados Señores Wolf y Aldrey disintieron.*