VALIENTE & Co., demandante y apelada, *v.* SUCN. DE ABDÓN FUENTES MARRERO, compuesta de sus hijos AURELIA, ELISA, MARÍA, FLORENTINO, AURELIANA, CARMELA, ROSALÍA, MANUELA y FRANCISCA FUENTES SUÁREZ y su Viuda ROSALÍA SUÁREZ MORALES, demandada y apelante.

Núm. 6486.—*Sometido:* Febrero 5, 1937. *Resuelto:* Abril 21, 1937.

*Dubón & Ochoteco,* abogados de las apelantes; *R. Díaz Cintrón,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Valiente & Co., una sociedad mercantil con domicilio en Corozal, P. R., demandó en cobro de dinero a la Sucesión de Abdón Fuentes, compuesta de sus hijos Aurelia, Elisa, María, Florentino, Aureliana, Carmela, Rosalía, Manuela y Francisca Fuentes y de su viuda Rosalía Suárez, radicándose la demanda en la Corte de Distrito de San Juan en junio 3, 1929.

Emplazados los demandados, sólo contestaron Aurelia por su abogado Pedro G. Quiñones y Rosalía Fuentes por los suyos de la Torre & Ramírez, anotándose en junio 18, 1929 la rebeldía de los demás.

Llamado el pleito para juicio en diciembre 18, 1929, comparecieron la demandante y las demandadas Aurelia y Rosalía Fuentes por sus abogados, y el día último de dicho mes

y año, la corte dictó sentencia declarando la demanda con lugar. Se trataba del cobro de dos pagarés y de una cuenta corriente del causante de los demandados, habiendo sido la defensa alegada por sus hijas Aurelia y Rosalía la de incapacidad de su padre para contraer las obligaciones reclamadas por causa de demencia. Pesando la prueba, la corte de distrito concluyó que las obligaciones reclamadas eran ciertas y que Abdón Fuentes "tenía capacidad para realizar toda clase de contratos" de acuerdo con "un decreto judicial, que no ha sido impugnado", habiendo rebatido la demandante victoriosamente "las defensas de locura invocadas" y en su consecuencia condenó "a la sucesión demandada" a pagar a la demandante $12,738.61, con más los intereses legales y las **costas.**

Apelaron las demandadas Aurelia y Rosalía Fuentes y esta Corte Suprema por sentencia de julio 29, 1933, decidió que la sentencia apelada debía revocarse "en lo que a las dichas demandadas... se refiere", dictándose otra "en el sentido de que en cuanto a tales demandadas concierne, la demandante no puede cobrar, todo ello sin especial pronunciamiento de costas." *Valiente & Co.* v. *Sucn. Fuentes,* 45 D.P.R. 617, 627.

Así las cosas, en septiembre 5, 1933, las demandadas Elisa, María, Carmen, Manuela y Francisca Fuentes y Rosalía Suárez por medio de sus abogados archivaron un escrito en la corte sentenciadora por el que haciendo constar que se daban por notificadas de la sentencia dictada en su contra en diciembre 31, 1929, apelaban de ella para ante este tribunal. Forma parte de la transcripción una certificación del secretario de la corte de distrito creditiva de no aparecer de los autos que la sentencia fuera notificada en fecha alguna a dichas demandadas.

Manifestaron las nuevas apelantes a la corte sentenciadora que elegían tramitar su recurso por medio de una exposición del caso que presentaron en efecto dentro del plazo

que les concediera la corte y que ésta aprobó con la oposición de la demandante el 10 de noviembre de 1933.

Formalizado el recurso ante este tribunal, la demandante apelada presentó una moción en enero 18, 1934, pidiendo que se fijara "la extensión del mismo" y se eliminara la exposición del caso, que fué discutida ampliamente por las partes y resuelta en marzo 26 siguiente declarándola sin lugar sin perjuicio de que las cuestiones suscitadas en la misma pudieran levantarse luego al someterse definitivamente el caso a la decisión del tribunal.

Tras un gran número de prórrogas quedó radicado el alegato de las apelantes, señalándose la vista del recurso para marzo 1, 1936. Suspendida a petición de la apelada, volvió a señalarse para mayo primero y a suspenderse también a petición de dicha parte, celebrándose por último el 21 de enero de 1937, en cuyo día habiéndose presentado un alegato complementario por las apelantes se concedió permiso a la apelada para replicar. Así lo hizo el 5 de febrero último, quedando en tal fecha el caso definitivamente sometido a la consideración y resolución del Tribunal.

En su alegato las apelantes señalan como errores que la sentencia recurrida es contraria a la prueba, por demostrar ésta la demencia de su causante, y a derecho, porque condena a la sucesión demandada al pago de una obligación inexistente.

La apelada insiste en el suyo en que las apelantes perdieron su derecho de apelación al no ejercitarlo dentro del término de ley y en que de tenerlo estaría limitado al examen de la demanda, no pudiendo extenderse al de la prueba que aportaron las demandadas que comparecieron en apoyo de la defensa que alegaron en sus contestaciones.

■■ En Puerto Rico el término para apelar se regula por la sección 2 de la Ley núm. 70 de 1911, Código de Enjuiciamiento Civil, ed. 1933, p. 138, que impone al secretario de la corte el deber de "enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual pueda establecerse

recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada'' y el de archivar "una copia de esa notificación .... con los autos'' y que dispone que "el término para establecer el recurso de apelación, empezará a correr desde la fecha del archivo de dicha notificación con los autos.'' Y como de una sentencia dictada en rebeldía se puede apelar, el precepto se ha considerado aplicable a dicha clase de sentencias.

Se trata de una cuestión de ley que ha sido ya resuelta repetidas veces, y mientras la ley esté en vigor, el único remedio que existe para que no ocurran casos como éste, es que la parte victoriosa se cuide de que la ley se cumpla debidamente.

 ¿Pueden las apelantes valerse de la defensa alegada y de la prueba practicada por las demandadas que comparecieron e invocar como ley del caso la decisión de esta Corte Suprema de julio 29, 1933?

La contestación de la pregunta depende de la naturaleza de la acción ejercitada, de cómo fueron todos los demandados llamados a responder y de la clase de defensa alegada por los demandados comparecientes.

Sabemos que se trata de un pleito en cobro de dinero basado en pagarés otorgados por Abdón Fuentes y en una cuenta corriente por él mismo autorizada; que Abdón Fuentes murió y que por la demanda se reclama de los demandados—sus hijos y su viuda—en concepto de herederos suyos el pago de la deuda contraída por su causante.

Sabemos además que dos de los herederos comparecieron y alegaron que la obligación reclamada no existía porque su causante al autorizar los pagarés y la cuenta estaba loco no teniendo por tanto capacidad para contratar y que esa defensa declarada sin lugar por la corte de distrito prosperó finalmente en esta Corte Suprema y está en pie.

Y sabemos por último que las demandadas apelantes fueron emplazadas y nada hicieron, anotándose su rebeldía, siendo condenadas al pago de las obligaciones de su causante

por la sentencia general resolutoria del pleito que fué apelada por y revocada en cuanto a las demandadas comparecientes.

Descansando en esos hechos creemos que es aplicable la regla general sobre la materia que, basada en el gran número de autoridades que se citan, aparece expuesta en 78 A. L. R. 939, como sigue:

"La cuestión de si una defensa alegada con éxito por uno de varios codemandados puede operar en beneficio de un demandado en rebeldía depende de la naturaleza, alcance y extensión de la defensa interpuesta por los demandados que contestan y, hasta cierto punto, sobre la naturaleza mancomunada o solidaria del derecho alegado.

"Las cortes han convenido casi unánimemente que en acciones contra varios demandados conjuntamente, cuando la defensa interpuesta por el demandado que contesta no es personal a él (como lo es la de minoridad, estado civil o quiebra por parte del que formula la alegación), sino común a todos, como cuando va dirigida al derecho del demandante para recobrar en alguna forma, a diferencia del derecho que tiene de recobrar de cualquier demandado en particular, o impugna los méritos o validez en general de la causa completa del demandante, o su derecho a demandar, tal defensa, si prospera, redunda en beneficio de los demandados en rebeldía, tanto en acciones en derecho como en equidad, con el resultado de que la sentencia final debe dictarse no meramente en favor del demandado que contestó, sino también en favor de los demandados que no comparecieron."

En su tratado sobre "The Law of Judgments" expone H. C. Black la esencia de las autoridades sobre la materia, en el mismo sentido, así:

"En una acción basada en un contrato interpuesta contra varios demandados, si uno de ellos deja de comparecer, y otro bajo una negativa general, establece y aduce una defensa que niega el derecho del demandante a recobrar de cualquiera de los demandados y demuestra que éste no tenía causa de acción, el demandante no tendrá derecho a una sentencia en contra del demandado en rebeldía, y por el contrario, la defensa que ha prosperado redundará en beneficio de este último, y debe dictarse sentencia en favor de ambos demandados. Así, pues, si un demandado presenta una objeción por vía de excepción y ataca el derecho del demandante a recobrar, y no plantea meramente una cuestión personal que le exima de responsabilidad, que

es sostenida, y se dicta sentencia a su favor, ella beneficiará a su codemandado. Pero esta regla puede ser modificada por las actuaciones de un codeudor. De ahí que bajo una disposición al efecto de que puede dictarse sentencia contra uno o más de varios demandados, se sostenga, que cuando tres personas son demandadas como socios, y dos de ellas no comparecen, pero la otra contesta, negando que fuera un miembro de la firma, pueda dictarse sentencia contra las que están en rebeldía aunque se dicte en favor del demandado que contestó. También en una acción basada en una obligación mancomunada y solidaria contra dos demandados, uno solo de los cuales compareció y contestó, puede ser juzgada, y rendirse veredicto y sentencia a favor o en contra de la parte que contestó, sin tomar en consideración los procedimientos en contra de su codemandado.

"Por otra parte, si uno de los demandados no comparece y el otro va a juicio, esto suspende la sentencia contra el demandado en rebeldía hasta que se determine el resultado del juicio, y si el demandante obtiene un veredicto favorable, tiene entonces derecho a un fallo común contra todos los demandados. En tal caso no existe la necesidad de que se obtenga previamente una sentencia interlocutoria en rebeldía contra la parte que no contestó. Cuando en una acción conjunta *ex contractu* contra dos demandados, uno de cuales no comparece y el otro sí lo hace, se dictan sentencias separadas contra ambos, si el demandado que compareció solicita una revisión, esto tiene el efecto de suspender la ejecución de la sentencia para ambos demandados y de transferir todo el caso para el próximo término, aun cuando se hubiere registrado una sentencia separada contra el demandado en rebeldía." Black on Judgments, Vol. I (2da. ed.), pág. 310.

Siendo la expuesta la regla aplicable, es claro que pudiendo invocar las demandadas apelantes la defensa que alegaron y probaron las demandadas que obtuvieron la sentencia de esta Corte de julio 29, 1933 (45 D.P.R. 617, 621), dicha sentencia constituye también para ellas la ley del caso y deben sus beneficios extendérseles expresamente según lo solicitan.

*Procede, en tal virtud, declarar el recurso con lugar, revocar la sentencia recurrida en cuanto por ella se condenó a las demandadas apelantes como componentes de la Sucesión de Abdón Fuentes a pagar las obligaciones reclamadas*

*por la demandante y dictar otra decretando que en lo que a las dichas demandadas apelantes concierne, nada puede recobrar la demandante, todo sin especial condenación de costas.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.