VALIENTE & Co., peticionaria, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. A. R. DE JESÚS, JUEZ, y MANUEL, LAURA, CARMEN BELÉN, y SARA ESTER ANZALOTA FUENTES, representados por su padre con patria potestad MANUEL ANZALOTA, y TOMÁS ANZALOTA FUENTES, demandados.

Núm. 1119.—*Sometido:* Febrero 4, 1938. *Resuelto:* Febrero 18, 1938.

*Edelmiro Martínez Rivera,* abogado de la peticionaria; *Dubón & Ochoteco,* abogados de los demandados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La controversia entre las partes ha sido sometida a nuestra consideración en dos ocasiones anteriores. Y en ambas, nuestra sentencia ha sido adversa a las pretensiones de la sociedad demandante, peticionaria en el presente recurso. Véanse: *Valiente & Co.* v. *Sucn. Fuentes,* 45 D.P.R. 617, y 51 D.P.R. 327.

Creemos conveniente hacer una recapitulación de los hechos:

Valiente & Co. demandó a Aurelia, Elisa, María, Florentino, Aureliana, Carmela, Rosalía, Manuela y Francisca Fuentes y a Rosalía Suárez, componentes de la Sucesión de Abdón Fuentes, en cobro de dos pagarés suscritos por el causante. Todos y cada uno de los demandados fueron emplazados. Las demandadas Aurelia y Rosalía Fuentes contestaron la demanda y alegaron como defensa que en la fecha en que se contrajeron las obligaciones objeto de la demanda, su padre, Abdón Fuentes, estaba demente y por tanto incapacitado para contraerlas. Los demás demandados no comparecieron y se anotó su rebeldía. Celebrado el juicio, la Corte

de Distrito dictó sentencia en 31 de diciembre de 1929 en contra de todos los demandados, quienes fueron notificados oportunamente. Aurelia y Rosalía Fuentes apelaron; y este Tribunal, en 29 de julio de 1933, revocó la sentencia, declarando con lugar la defensa de incapacidad mental de Abdón Fuentes y resolviendo que en cuanto a dichas dos demandadas concierne, la demandante no podría cobrar (45 D.P.R. 617). Esta sentencia fué confirmada por la Corte de Circuito de Boston, 76 F. (2d) 78.

Las demandadas en rebeldía, Elisa, María, Carmen, Manuela y Francisca Fuentes y Rosalía Suárez recurrieron también en apelación ante esta Corte Suprema. La sentencia fué igualmente revocada en cuanto a dichas demandadas (ante pág. 327.) Quedaba, pues, como única demandada sujeta a las responsabilidades de la sentencia, en caso de que ésta fuera válida en cuanto a ella, Aureliana Fuentes, quien falleció sin haber hecho gestión alguna en el pleito durante su tramitación en la corte inferior y sin haber recurrido en ·forma alguna en contra de la sentencia.

Habiendo obtenido la sociedad demandante una orden de ejecución y vendido ciertos bienes pertenecientes a los herederos de Aureliana Fuentes, acudieron éstos ante la corte de distrito en solicitud de una orden de anulación de la subasta, con súplica de que se les exonerase de los efectos de dicha sentencia. Allanóse la sociedad demandante a la anulación de la subasta, pero se opuso a la solicitud para que se dejara sin efecto la sentencia, por entender que la corte sentenciadora carecía de jurisdicción. La resolución de la corte inferior en lo pertinente lee así:

"Alega la demandante que esta Corte carece de jurisdicción para dejar sin efecto una sentencia firme y definitiva dictada con jurisdicción sobre la persona y la materia, desde el 31 de diciembre de 1929.

"Alegan los peticionarios que si bien se dictó la sentencia en 31 de diciembre de 1929 y no se estableció recurso de apelación contra la misma, no existe limitación de tiempo para solicitar se deje sin

efecto, por la razón de que dicha sentencia es inexistente, y beneficiarles las sentencias dictadas por el Tribunal Supremo revocando la de la corte inferior en los dos recursos incoados por los otros demandados.

"A nuestro juicio, tienen razón los peticionarios. La defensa que en oposición a la demanda interpusieron los demandados comparecientes va dirigida al nervio de la causa de acción, y es de tal naturaleza que la extingue tanto en cuanto a los comparecientes como en cuanto a aquellos demandados cuya rebeldía había sido anotada. La sentencia que en estos casos se dicta es una e indivisible, y si al ser dictada en primera instancia beneficia tanto a los comparecientes como a los demandados que se hallan en rebeldía, lógico es que la que en apelación se dicte beneficie también a todos los demandados por igual. Habiéndose dictado una sola sentencia, al ser revocada en cuanto a unos demandados, necesariamente quedó revocada en cuanto a los otros, hubiesen o no interpuesto recurso de apelación. Precisamente es por esa razón que no puede dictarse sentencia contra los rebeldes hasta que la evidencia no demuestre si existe la causa de acción que alega el demandante. Por eso, en la nota de 78 A.L.R. citada por nuestro Tribunal Supremo, se sostiene que si prospera la defensa alegada por los demandados comparecientes, 'redunda en beneficio de los demandados en rebeldía, tanto en acciones en derecho como en equidad, con el resultado de que la sentencia final debe de dictarse no meramente en favor del demandado que contestó, sino que también de los demandados que no comparecieron.' No existe, a nuestro juicio, razón alguna que justifique una regla distinta en cuanto a los efectos de la sentencia en apelación. De no aplicarse esta regla y declarar válida la sentencia en cuanto a estos peticionarios, se daría la anómala situación de que el Abdón Fuentes que resulta loco e incapacitado cuando se trata de reclamar a algunos de sus hijos cierta obligación por él contraída, es cuerdo y capaz cuando la misma obligación se reclama a otros hijos. Es evidente que un tribunal de justicia no puede sancionar una situación de esta índole, y sería una burla de la justicia sostener una sentencia en tales condiciones.

"Siendo como es inexistente a nuestro juicio la sentencia de 31 de diciembre de 1929 en cuanto a todos los demandados, a virtud de la revocación de que fué objeto por parte del Tribunal Supremo el 29 de julio de 1933, se deja sin efecto la subasta celebrada sobre bienes de Aureliana Fuentes, y se decreta que la sentencia de 31 de diciembre de 1929 dictada contra la Sucesión de Abdón Fuentes, es inexistente."

Valiente & Co. acude ahora ante esta corte mediante el presente recurso de *certiorari*, alegando que la resolución arriba transcrita es errónea, por carecer el tribunal *a quo* de jurisdicción para dictarla, por los fundamentos siguientes:

"(*a*) Porque la sentencia de que se trata fué dictada y registrada en la Corte de Distrito en 31 de diciembre de 1929, y notificada a la demandada Aureliana Fuentes en 20 de septiembre de 1933, sin que se estableciera recurso alguno de apelación dentro del plazo de 30 días fijado por la Ley, por lo que dicha sentencia se convirtió en final, firme y ejecutiva en cuanto a Aureliana Fuentes, desde el 20 de octubre de 1933.

"(*b*) Porque en 5 de mayo de 1937 ya había expirado el período judicial en que la referida sentencia fué dictada y notificada a la demandada Aureliana Fuentes.

"(*c*) Porque al dejar como dejó la demandada Aureliana Fuentes de actuar personalmente en el caso desde el 20 de septiembre de 1933, o sea durante un período de más de 23 meses, y al dejar de entablar recurso alguno contra la referida sentencia no obstante el conocimiento que de la misma tenía, dicha demandada aceptó los efectos de tal sentencia y renunció a cualquier derecho, acción o defensa que contra la misma hubiera podido aducir, por lo que ahora sus causahabientes están impedidos e imposibilitados de evadir tales efectos."

■ No tenemos duda en cuanto a que tan pronto como la sentencia de la Corte de Distrito de San Juan de 31 de diciembre de 1929 quedó revocada y anulada por las dictadas por esta Corte Suprema en 29 de julio de 1933 y 21 de abril de 1937, la corte inferior readquirió jurisdicción sobre el caso para hacer ejecutar su sentencia en cuanto a la demandada Aureliana Fuentes o sus herederos o para librar a éstos del efecto de su sentencia, de acuerdo con el poder discrecional que para ello le concede el artículo 140 del Código de Enjuiciamiento Civil, si en su opinión dicha sentencia había sido anulada *in toto* por el fallo de esta superioridad. Prueba de ello es que la demandante hubo de acudir a la corte inferior en solicitud de una orden para la ejecución de la sentencia.

██ La única cuestión que ahora se nos presenta es la siguiente: ¿Erró la corte de distrito al resolver que la sentencia por ella dictada y revocada por esta Corte Suprema, por ser nulas e inexistentes las obligaciones suscritas por Abdón Fuentes mientras estaba demente, no podía hacerse efectiva contra los causahabientes de Aureliana Fuentes, a pesar de no haber dicha demandada contestado, comparecido a juicio o establecido recurso alguno en defensa de su derecho?

Las mismas razones que expusimos como fundamento de nuestra sentencia de 21 de abril de 1937 (51 D.P.R. 327) nos obligan a resolver que la corte inferior no cometió el error que se le imputa. La demandante dirigió su acción contra todos los herederos de Abdón Fuentes conjuntamente, exigiéndoles el pago de obligaciones, a cuyo cumplimiento venían obligados dichos herederos, siempre que ellas hubiesen sido legalmente contraídas y tuviesen existencia legal. Es requisito esencial para la existencia y validez de una obligación contractual que las partes contratantes hayan prestado libremente su consentimiento (Artículo 1213 del Código Civil, ed. 1930). Ese consentimiento no pudo prestarlo Abdón Fuentes por encontrarse en estado de demencia en la fecha en que suscribió los pagarés (Artículo 1215 del Código Civil, ed. 1930). Por esas razones resolvimos que las demandadas Aurelia y Rosalía Fuentes, quienes interpusieron la defensa de incapacidad de su padre, no podían ser compelidas a cumplir obligaciones contraídas por su padre mientras estaba demente. Y por iguales fundamentos exoneramos del pago de esas mismas obligaciones a las seis codemandadas contra las cuales se dictó sentencia en rebeldía, quienes apelaron para ante esta Corte Suprema. Hicimos extensivo a dichas seis demandadas en rebeldía el beneficio de la defensa de incapacidad interpuesta por las otras dos codemandadas, no porque dichas seis demandadas hubiesen sido diligentes al interponer recurso de apelación, sino porque opinamos que tratándose de obligaciones man-

comunadas como lo son los pagarés envueltos en este litigio, la defensa de incapacidad del que contrajo las obligaciones, interpuesta y sostenida con éxito por dos de sus herederos, debe beneficiar por igual a todos los herederos, aun a aquellos que no contestaron la demanda. Como muy bien dijo el juez sentenciador en la resolución motivo del presente recurso, la defensa de incapacidad mental del otorgante de los pagarés va dirigida al nervio de la causa de acción, y al quedar debidamente establecida extingue la obligación en cuanto a todos los que pudieran ser llamados a cumplirla, de ser válida. Véanse: 78 A.L.R. 939, y Black on Judgments, Vol. I (2d ed.) pág. 310.

■ Esta Corte Suprema está facultada para revisar y confirmar, modificar o revocar las sentencias dictadas por los tribunales de distrito, y es su deber, al revocar una sentencia, dictar aquella que en su opinión debió haber dictado la corte inferior (artículo 306 del Código de Enjuiciamiento Civil, ed. 1933). La sentencia así dictada por esta corte al ser enviada a la corte inferior para su cumplimiento y ejecución, toma el lugar de la sentencia revocada y sus efectos se retrotraen a la fecha en que la corte inferior dictó su fallo. Siendo ésa la ley, al resolver esta Corte Suprema que Abdón Fuentes estaba demente en la fecha en que contrajo las obligaciones, el efecto de esa sentencia debe ser el mismo que el que hubiera tenido esa misma resolución si ella hubiese sido dictada por la corte de distrito en 31 de diciembre de 1929. Ese efecto no puede ser otro que la anulación de las obligaciones por no haber éstas tenido jamás existencia legal, por razón de la incapacidad mental del otorgante. Y el beneficio de ese pronunciamiento debe necesariamente alcanzar por igual a todos los demandados, incluso los herederos de Aureliana Fuentes, en rebeldía, porque para sostener la exoneración de los demandados comparecientes y condenar a los rebeldes al pago de las obligaciones, nos veríamos obligados a sostener el absurdo de que Abdón Fuentes estaba demente en cuanto a los primeros y cuerdo en cuanto a los últimos.

El dilema de Hamlet, "to be or not to be," ser o no ser, fué yà resuelto en contra de los peticionarios. Abdón Fuentes era un demente que no pudo consentir legalmente para dar existencia legal a una obligación. Los herederos de Aureliana Fuentes no están obligados al pago de una sentencia que quedó en efecto anulada *in toto* por la nuestra.

*Debe desestimarse la petición y anularse el auto de certiorari expedido.*

El Juez Asociado Señor Córdova Dávila no intervino.