Núm. 1119.—VALIENTE & Co., peticionaria, *v.* CORTE, ET ALS., apldos.—▉ Julio 5, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

POR CUANTO, en la opinión que sirvió de base a nuestra sentencia del día 18 de febrero de 1938 anulando el auto de *certiorari* expedido en este caso (52 D.P.R. 732), nos expresamos, con relación a dos pagarés objetos del litigio, del modo siguiente:

". . . Hicimos extensivo a dichas seis demandadas en rebeldía el beneficio de la defensa de incapacidad interpuesta por las otras dos codemandadas, no porque dichas seis demandadas hubiesen sido diligentes al interponer recurso de apelación, sino porque opinamos que tratándose de obligaciones mancomunadas como lo son los pagarés envueltos en este litigio, la defensa de incapacidad del que contrajo las obligaciones, interpuesta y sostenida con éxito por dos de sus herederos, debe beneficiar por igual a todos los herederos, aun a aquellos que no contestaron la demanda."

POR CUANTO, la peticionaria Valiente & Co. alega en una moción de reconsideración que los pagarés suscritos por Abdón Fuentes eran solidarios y no mancomunados, y nos pide, entre otras cosas, que modifiquemos nuestra opinión en ese extremo, y que dictemos sentencia de acuerdo con lo solicitado en la petición de *certiorari.*

POR CUANTO, el error señalado por la recurrente y que por inadvertencia cometimos en nada perjudica sus derechos, toda vez que lo que tuvimos en mente al dictar nuestra sentencia de febrero 18, 1938, no fué el carácter de mancomunidad o de solidaridad que pudieran tener las obligaciones, y sí el hecho de que la demandante dirigió su acción contra todos los herederos de Abdón Fuentes conjuntamente, motivo por el cual todos y cada uno de los herederos así demandados tienen derecho al beneficio de la sentencia dictada por esta Corte Suprema declarando nulas e inexistentes las obligaciones por causa de incapacidad mental del otorgante.

POR LO TANTO, se accede a lo solicitado y se enmienda el párrafo de nuestra opinión, supra, para que lea como sigue:

"... Hicimos extensivo a dichas seis demandadas en rebeldía el beneficio de la defensa de incapacidad interpuesta por las otras dos codemandadas, no porque dichas seis demandadas hubiesen sido diligentes al interponer recurso de apelación, sino porque opinamos que habiéndose ejercitado la acción conjuntamente contra todos los herederos, la defensa de incapacidad del que contrajo las obligaciones, interpuesta y sostenida con éxito por dos de sus herederos, debe beneficiar por igual a todos los herederos, aun a aquellos que no contestaron la demanda."

En cuanto a los otros extremos de la moción de reconsideración, no ha lugar.

El Juez Asociado Sr. De Jesús no intervino.