EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARIANO ROSARIO MUÑOZ, acusado y apelante.

*Número:* CR-65-312     *Resuelto:* 5 de abril de 1966

*Elizabeth Armstrong de Watlington,* abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar.* abogados de El Pueblo.

PER CURIAM: Convicto por tribunal de derecho del delito de robo, el apelante Mariano Rosario Muñoz fue sentenciado en 6 de noviembre de 1963, por el Tribunal Superior, Sala de Caguas, a la pena de uno a tres años de presidio.

Apunta en apelación que erró el tribunal de instancia al entender que la prueba ofrecida por el ministerio público estableció más allá de toda duda razonable el hecho de la comisión del delito imputado al apelante.

En apoyo de este apuntamiento arguye que el Sr. Cádiz —el perjudicado y único testigo presentado por el Pueblo— "tiene 75 años de edad y no usa espejuelos. En el acto del juicio al solicitársele que identificara al acusado tuvo que acercársele para así hacerlo"; que "[d]eclaró además que pudo reconocer al acusado de noche, en un sitio obscuro, a la misma distancia que no pudo reconocer al acusado en el acto del juicio"; que "En un término de tres meses y días

[los hechos ocurrieron el día 27 de julio de 1963 y la identificación en corte fue el 6 de noviembre de 1963] la visión del perjudicado varió desde poder hacer una identificación a obscuras a determinada distancia, hasta no poder identificar a esa misma persona a la misma distancia en un sitio claro"; que "[a]l tomar conocimiento judicial el Tribunal de las leyes de la naturaleza, al aplicar la presunción de que cosas han ocurrido de acuerdo con el proceso ordinario de la naturaleza y los hábitos ordinarios de la vida no es irrazonable pensar que el Tribunal debiera sentir duda, a falta de prueba en contrario de que el perjudicado pudiese identificar con toda certeza al acusado el día de los hechos cuando no pudo hacerlo posteriormente en situación más favorable. En este caso faltó prueba explicativa de tal variación en la situación de la visión del perjudicado. Tocaba al fiscal así hacerlo."

Por su parte, el Procurador General argumenta que " . . . lo único que se pretende lograr es que este Hon. Tribunal altere la apreciación que de la prueba hizo el juzgador de los hechos".

Señaló que el perjudicado explicó su dificultad en identificar al apelante en la vista del caso al testificar que con motivo de los golpes recibidos de parte del apelante en la ocasión en que éste le robase una cartera conteniendo $180 está "descerebrado y la vista empañada". El testimonio del referido perjudicado cubrió los siguientes aspectos del caso:

1.—Allá para el 27 de julio de 1963 estaba como a las once de la noche en el café "Puerto Rico" porque acostumbra "tomar café de noche".

2.—Que el acusado estaba allí y que él lo conoce.

3.—Que momentos antes de él salir, el acusado y William Rodríguez—uno de los testigos de defensa—salieron del sitio.

4.—Explicó que "desde el día que pasó eso estoy descerebrado y la vista empañada", pero identificó al acusado.

5.—Sobre cómo ocurrió el suceso explicó que "estaban cerrando, al momento de cerrar crucé por donde está la farmacia a la sardiné. Al llegar donde está el anuncio de los carros vi el in-

dividuo que se escondió detrás de una guagua de Francisco Torres, no sabía que era velándome".

6.—"Cuando al momento me dio y caí al suelo y con la punta de un radio que yo llevaba en el bolsillo me di este golpe".

7.—"Me metió las manos en el bolsillo y me sacó la cartera amarilla, en esa cartera . . . tenía $180.00".

8.—No encontró nunca los $180 "ni el individuo tampoco. Y le dije:—*me has llevado mis chavos y me has dado, pero no te apures que yo te conozco*—". (Énfasis nuestro.)

9.—A preguntas del fiscal sobre si conocía al acusado explicó el perjudicado: "Sí, señor, lo conozco. Cada vez que yo iba a casa de Santini a cuidar gallos y ése yo lo conocía a él. Sí, aquél, que está ahí. Seguro, seguro, que es ése".

10.—Después de lo que pasó no lo había vuelto a ver hasta el día del juicio.

11.—A preguntas del fiscal sobre si se puede o no ver un rostro de persona en el sitio donde lo asaltaron, respondía que "Sí, la vi".

■ Dada la anterior relación de los hechos a que se refiere el apuntamiento en cuestión, la presunción de continuidad establecida por el inciso 31 del Art. 102 de la Ley de Evidencia (32 L.P.R.A. sec. 1887(31)) no es aplicable ya que se pretende invertir la presunción, o sea, se quiere tomar como base la situación posterior de falta de visión para presumir su existencia en el momento del robo. Rechazamos esta contención en *Pueblo* v. *Alvarado*, 63 D.P.R. 649 (1944). El caso de *Valiente & Co.* v. *Sucn. Fuentes*, 45 D.P.R. 617 (1933), contrario a lo que alega el apelante, no resolvió que la referida presunción operaba en forma retrospectiva. Lo que resolvimos en ese caso fue que la presunción de cordura de una parte quedó destruida por prueba de un posterior estado adelantado de paresis progresiva. En el caso ante nos, la presunción era de buena visión al ocurrir el robo. El deterioro en la visión fue explicado por el perjudicado, quien testificó que desde la ocasión del robo estaba "descerebrado y con la vista empañada".

Hemos examinado en el récord la prueba de la coartada interpuesta por el apelante aunque no se ha hecho apuntamiento alguno basado en la misma. Es en parte contradictoria, vaga e imprecisa, especialmente en el caso del testigo principal de la defensa en cuanto a las horas en que ocurrieron los hechos. Al preguntarle el fiscal a este testigo "¿Por supuesto, tenía que encontrar a Mariano antes de las once y media?" (el delito se cometió a eso de las once de la noche) contestó "Sí, señor; se. lo dije a él". Concluimos por lo tanto que estaba justificado el tribunal de instancia en no darle crédito a toda esta prueba. El apelante no demostró que dicho tribunal actuase con prejuicio, pasión o parcialidad en tal apreciación ni que ésta fuera errónea. Cf. *Pueblo* v. *Eduardo c/p Edith Luciano Arroyo*, Sentencia de 25 de marzo de 1966.

*En tal virtud, se confirmará la sentencia dictada en este caso, por el Tribunal Superior, Sala de Caguas, en 6 de noviembre de 1963.*

El Juez Presidente Señor Negrón Fernández no intervino.