Gilberto Gierbolini, Juez Ponente
*1004 TEXTO COMPLETO DE LA SENTENCIA
Los demandantes-peticionarios en el caso de epígrafe nos solicitan mediante recurso de certiorari que revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 4 de junio de 1996 y notificada a las partes el 7 de junio de 1996. En dicha resolución el foro de instancia declaró Con Lugar una moción de relevo de sentencia presentada por Francisco Martínez De La Asunción (en adelante, Martínez), y dejó sin efecto una Sentencia emitida previamente contra éste por incumplimiento de contrato contraído con las partes demandantes. El Ledo. Roberto Vélez Báez, et al., (en adelante, Vélez) presentó su escrito de certiorari en este tribunal el 3 de julio de 1996. Martínez, por su parte, presentó el 20 de septiembre de 1996 un escrito intitulado "Oposición a Solicitud de Certiorari". Así las cosas, y luego de analizar las controversias existentes en el presente caso, expedimos el auto de certiorari y CONFIRMAMOS al tribunal de instancia.
I
El 29 de julio de 1993, Vélez instó un procedimiento judicial de cobro de dinero contra Martínez, quien tiene domicilio permanente en la República Dominicana. Por tal motivo, Vélez solicitó al tribunal de instancia una dispensa para emplazarlo por edicto. A esos fines, dicho foro ordenó el 18 de octubre de 1993 el emplazamiento por edicto solicitado. El 9 de febrero de 1994, "El Nuevo Día" dio publicidad al edicto expedido por la Secretaría del tribunal de instancia. El 17 de marzo de 1994 Vélez remitió a Martínez copia de la demanda y del edicto publicado a través del correo registrado. Sin embargo, dicha notificación fue devuelta por el correo por no haber sido reclamada.
El 24 de enero de 1995, el tribunal de instancia celebró una vista sobre el caso de epígrafe, a la cual no compareció Martínez. Luego de ponderar la prueba presentada por Vélez, el tribunal de instancia emitió Sentencia, en donde resolvió que Martínez había incumplido determinadas obligaciones contractuales y, en consecuencia, ordenó satisfacer al demandante Mestey la cantidad de $50,000.00 y al demandante Vélez la suma de $60,000.00 más los intereses legales correspondientes. Además, impuso $5,000.00 por concepto de honorarios de abogado. Dicha sentencia fue emitida en marzo de 1995 y archivada en autos el 20 de abril de 1995.
Martínez fue notificado mediante edicto publicado los días 12 y 19 de junio de en "El Nuevo Día". No surge del expediente que la Secretaría del tribunal de instancia le enviara por correo al demandado copia de la notificación de la Sentencia. Según explica la parte demandada-recurrida en su Oposición, recibió por correo una copia ilegible del edicto de la sentencia en un sobre timbrado perteneciente al demandante, licenciado Vélez.
En vista de lo cual, Martínez presentó el 24 de octubre de 1995 una Solicitud de Relevo de Sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, L.P.R.A. Ap. III Regla 4.5, pero sin someterse a la jurisdicción del tribunal. En esencia, alegó que nunca recibió copia de la demanda y del emplazamiento por edicto; que la parte demandante no cumplió con el término de notificación de diez días, dispuesto en la Regla 4.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III Regla 4.5; y que el tribunal no le notificó de la sentencia por correo, como lo exige la Regla 65.3 de las de Procedimiento Civil, supra.
El 8 de diciembre de 1995, Vélez presentó una Réplica en Oposición a la Solicitud de Relevo de Sentencia. Ante ese cuadro, el tribunal de instancia celebró el 22 de mayo de 1996 una vista para discutir la solicitud de relevo de sentencia. Mediante Resolución emitida y notificada el 7 de junio de 1996, el tribunal de instancia resolvió que la parte demandante no cumplió con la notificación provista por la Regla 4.5 de las de Procedimiento Civil, supra. En consecuencia, revocó y dejó sin efecto la Sentencia en Rebeldía emitida el 21 de marzo de 1995.
Inconforme con tal determinación, Vélez acude ante nos y sostiene que notificó a Martínez con copia de la demanda y del edicto, conforme a la Regla 4.5 de las de Procedimiento Civil, supra; y que cometió error el tribunal recurrido al concluir que no se cumplió con la notificación de la sentencia a *1005 la parte en rebeldía por el Secretario, según lo dispone la Regla 65.3 (b) de Procedimiento Civil, supra. Además, nos indica que Martínez presentó su solicitud de relevo de sentencia con posterioridad al término de seis meses, provisto en la Regla 49.2 de las de Procedimiento Civil.
II
La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Regla 49.2, establece un mecanismo que permite a los tribunales suspender el efecto de una sentencia final y firme, orden o resolución cuando a su juicio está presente alguna de las siguientes circunstancias: (1) error, inadvertencia, sorpresa o negligencia excusable; (2) descubrimiento de evidencia esencial, que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (3) fraude; (4) nulidad de la sentencia; (5) la sentencia ha sido satisfecha; y (6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
El Tribunal Supremo de Puerto Rico ha expresado que esta regla debe interpretarse liberalmente, Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807 (1986); Díaz v. Tribunal Superior, 93 D.P.R. 79 (1966). En ese sentido, "cualquier duda debe resolverse a favor del. que solicite que se deje sin efecto la rebeldía o una sentencia, a fin de que el pleito pueda adjudicarse en los méritos," José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., pág. 267 (1986).
No obstante, el Tribunal Supremo de Puerto Rico ha advertido que previo a decretar el relevo de una sentencia "el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen la concesión de un remedio contra los efectos de la sentencia," Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, (1989) (cita omitida).
Los tribunales apelativos no intervendremos con el ejercicio de tal facultad a menos que la parte peticionaria demuestre que al suspender los efectos de una sentencia, orden o resolución el foro de instancia actuó arbitrariamente o que tal acción constituyó un claro abuso de discreción, Southern Construction Co. v. Tribunal Superior, supra, a la página 905; Home Mortgage Company v. Corcino Mauras, Núm. KLCE-95-01030, Sentencia de 30 de abril de 1996, (Hon. Gilberto Gierbolini, Juez Ponente).
La Regla 49.2 de las de Procedimiento Civil, supra, provee dos remedios procesales contra una sentencia. El primero consiste en la presentación de una moción dentro de un mismo pleito y ante el mismo tribunal. El segundo remedio es el de la acción independiente. La citada regla dispone que la moción de relevo de sentencia tendrá que ser presentada dentro de un término razonable, pero nunca después de seis meses de haberse registrado la sentencia, orden o procedimiento. Los hechos que nos ocupan, deben ser analizados a la luz de las normas de derecho antes reseñadas.
Vélez indica que erró el tribunal de instancia al determinar que la solicitud de relevo de sentencia fue presentada por Martínez dentro del término de seis meses que dispone la Regla 49.2 de las de Procedimiento Civil, supra.
En el caso de epígrafe, el tribunal de instancia emitió la Sentencia en Rebeldía el 21 de marzo de 1995 y archivó en autos copia de la misma el 20 de abril de 1995. No fue hasta el mes de junio de ese año que la Secretaría notificó a Martínez mediante edicto. Martínez presentó su solicitud de relevo de sentencia el 24 de octubre de 1995. La representación legal de Vélez sostiene que el término de seis meses comenzó a decursar el 20 de abril de 1995.
Independientemente de la fecha en que comenzó a decursar el término de seis meses, la propia Regla 49.2 de las de Procedimiento Civil, supra, aclara en su parte pertinente que:

"Esta regla no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por motivo defraude al tribunal."

Recientemente, el Tribunal Supremo de Puerto Rico reafirmó la facultad de los tribunales para *1006 "relevar a una parte de una sentencia, orden o procedimiento o conceder un remedio a una parte que no hubiese sido emplazada y sobre la cual el tribunal no adquirió jurisdicción," Banco Santander v. Fajardo Farms, 96 J.T.S. 100. Es decir, si el tribunal nunca adquirió jurisdicción sobre la persona del demandado, el dictamen emitido adolece de nulidad y no aplica el término de seis meses dispuesto en la Regla 49.2 de las de Procedimiento Civil, supra; Figueroa v. Banco de San Juan, 108 D.P.R. 680 (1979).
De conformidad con las normas de derecho reseñadas, resolvemos que el tribunal de instancia tenía potestad para considerar la solicitud de relevo de sentencia presentada por Martínez. Una vez resuelto dicho asunto, determinemos si Vélez cumplió con el requisito de notificación dispuesto en la Regla 4.5 de las de Procedimiento Civil, supra.
Ill
En Puerto Rico, el emplazamiento forma parte integral del debido proceso de ley. Para asegurar la existencia de jurisdicción in personam, el debido proceso de ley requiere que todo demandado en un pleito civil sea notificado adecuadamente de la demanda en su contra mediante el procedimiento de emplazamiento establecido por ley, Regla 4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III Regla 4; Rodríguez v. Nasrallah, 118 D.P.R. 93 (1986); Mundo v. Fuster, 87 D.P.R. 363 (1963). El Tribunal Supremo de Puerto Rico ha resuelto que cuando el emplazamiento es realizado mediante la publicación de edictos, es necesario el cumplimiento riguroso, fiel y preciso de los requisitos que impone esta regla, Marrero Albino v. Vázquez Egean, 94 J.T.S. 18. La Regla 4.5 de las de Procedimiento Civil, supra, detalla una serie de requisitos de estricto cumplimiento, para emplazar a una persona que estuviere fuera de Puerto Rico. La citada Regla reconoce que los tribunales podrán expedir una orden para disponer que el emplazamiento sea por edicto. Dicho precepto establece que:

"La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación diaria general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto, se le dirija al demandado una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquiera otra forma de servicio de entrega de correspondencia con acuse de recibo siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última residencia conocida, a no ser que se justifique por declaración jurada que a pesar de los esfuerzos realizados, con expresión de éstos, no ha sido posible localizar residencia alguna conocida del demandado, en cuyo caso el tribunal excusará el cumplimiento de esta disposición."

En el caso de autos, el edicto fue publicado el 9 de febrero de 1994 en el periódico "El Nuevo Día". A partir de esa fecha, Vélez tenía diez días para enviar a Martínez una copia del emplazamiento y la demanda presentada. Sin embargo, Vélez realizó dicha gestión el 17 de marzo de 1994, cuando dirigió a la parte demandada, mediante correo registrado Número 308-511-807, copia del edicto y de la demanda. Resulta evidente que Vélez no cumplió estrictamente con el plazo de notificación de diez días establecido en la Regla 4.5 de las de Procedimiento Civil, supra. En palabras de la parte peticionaria: "Concedemos el hecho de que la notificación se hizo luego de transcurrido el término de 10 días que menciona la Regla 4.5 de Procedimiento Civil." Véase, Petición de Certiorari, a la página 9.
Es importante señalar, que el tribunal de instancia no excusó a Vélez del cumplimiento estricto de las disposiciones referentes al emplazamiento por edicto. Al contrario, exigió mediante Orden emitida el 24 de noviembre de 1994 el cumplimiento específico del requisito de notificación.
Los tribunales apelativos hemos resuelto que los requisitos establecidos en las reglas relativas al emplazamiento por edicto son de cumplimiento estricto. Véase, Reyes v. Oriental Federal Savings Bank, 93 J.T.S. 50; Hermanos Arache y Asociados, Inc. v. Nuevo San Antonio Housing Corporation, Núm. KLCE-96-00707, Sentencia de 24 de septiembre de 1996 (Hon. Antonio J. Amadeo Murga, Juez Ponente).
En el caso de epígrafe, Vélez no presentó razones que justifican la falta de notificación dentro del término de diez días que dispone la Regla 4.5 de las de Procedimiento Civil, supra. Tampoco ha traído a nuestra atención elementos fácticos que permitan inferir que la parte demandada obstaculizó el *1007 proceso de notificación. La parte peticionaria incumplió con el deber de exponer razones de peso que justifiquen su incumplimiento.
El tribunal de instancia actuó conforme a derecho al decretar la nulidad del emplazamiento y reconocer que no había adquirido jurisdicción sobre la persona de Martínez. Dicho foro judicial actuó razonablemente al conceder el relevo de sentencia solicitado.
Por otra parte, la notificación de la sentencia al demandado en rebeldía mediante edicto no corresponde a los requisitos establecidos por la Regla 65.3 (b) de las de Procedimiento Civil:
"(b) El secretario notificará el archivo de una orden o sentencia a las partes en rebeldía por falta de comparecencia remitiéndoles, cuando su identidad fuere conocida, copia de la notificación a la última dirección conocida, y si su identidad fuere desconocida o figurare con un nombre ficticio a los fines de la trámitación del pleito, publicando una copia de la notificación en un periódico de circulación general una vez por semana durante dos semanas consecutivas. La notificación se considerará hecha en la fecha de la última publicación", (énfasis suplido).
En este caso, la identidad del demandado era conocida, por lo que correspondía que el tribunal remitiera copia de la notificación de la sentencia a la última dirección conocida, la de Santo Domingo, República Dominicana. El tribunal de instancia, sin embargo, remitió copia de la notificación de la sentencia únicamente al demandante. Aunque publicó un edicto con el propósito de notificar al demandado sobre la sentencia, la omisión de no enviar la notificación a la última dirección conocida constituyó una inobservancia de la citada regla. "En los casos de sentencias en rebeldía existe también la obligación de notificar el archivo de la orden o sentencia a todas las partes incluyendo las que estén en rebeldía, Valiente & Co. v. Sucn. Fuentes, 51 D.P.R. 327 (1937) (Del Toro). Cuando la rebeldía es por falta de comparecencia se remitirá —cuando su identidad fuera conocida— copia de la notificación a la última dirección conocida..." José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., pág. 437 (1989). Por lo tanto, fue correcta la apreciación hecha por el tribunal de instancia en su Resolución sobre este particular.
De acuerdo a la Regla 46 de las de Procedimiento Civil, supra, la falta de notificación de la sentencia acarrea el que ésta no surta efecto y que no comiencen a decursar los términos para los procedimientos posteriores:

"Será deber del Secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo."

En vista del claro texto de la citada regla, resulta también equivocado el planteamiento de la peticionaria al decir que la Moción de Relevo fue presentada fuera del término de seis meses ya que computó dicho término desde el 20 de abril de 1995, fecha en que el tribunal notificó la sentencia sólo al demandante. Dicha notificación por no haber sido cursada a la parte en rebeldía, no activó los términos para los procedimientos posteriores a la sentencia. Véase, Pueblo v. Hernández Maldonado, 91 J.T.S. 93, página 9037; y Falcón v. Maldonado, 95 J.T.S. 109, página 5.
IV
Por los fundamentos antes expuestos, EXPEDIMOS el auto de certiorari y CONFIRMAMOS la Resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General