CASTRO, APELANTE, *v.* SOLÍS ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 776.—Resuelto en junio 6, 1913.

HIJOS NATURALES — RECONOCIMIENTO — LEY DE TORO — ACCIÓN DE RECONOCIMIENTO.—Desde la vigencia de la Ley 11 de Toro no existe la presunción que existía en el derecho romano de que los hijos nacidos de concubina que viviera en la casa del concubinario eran hijos naturales de éste, y desde entonces es requisito indispensable para que el hijo nacido durante la vigencia de dicha ley tenga el concepto de hijo natural, que el padre lo reconozca expresa o tácitamente, sin que sea bastante para darle el concepto de hijo natural, el mero hecho de haber nacido en la casa del padre cuando ésta tenía en la misma como concubina a su madre.

ID.—ACCIÓN DE RECONOCIMIENTO—ACTOS DEL PADRE.—Cuando en una demanda se reclama una participación hereditaria fundada en que la demandante fué reconocida tácitamente por el padre como hija natural, de acuerdo con la Ley 11 de Toro, tales hechos tienden a demostrar el reconocimiento tácito por actos y palabras del supuesto padre y la acción tiene el alcance de una acción de reconocimiento sujeta a prescripción aplicable a acciones de esta naturaleza.

ID.—ACCIÓN DE RECONOCIMIENTO.—De acuerdo con el artículo 199 del Código Civil Revisado, habiendo la demandante alcanzado su mayor edad en el año 1907, esta acción estaba ya prescrita cuando fué iniciada en 1911.

ID.—ACCIÓN DE RECONOCIMIENTO—PRESCRIPTIBILIDAD.—La acción de filiación es prescriptible y las disposiciones de los Códigos Civiles posteriores sobre prescripción son aplicables también a aquellas acciones de filiación nacidas bajo el imperio de las Leyes de Toro.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Luis Llorens Torres.*

Abogado de los apelados: *Sr. Martín Travieso, Jr.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

La demanda en este caso contiene tres causas de acción, subordinadas las dos últimas a la primera. En ésta alega la demandante y apelante, Julia Domitila Castro, que nació en el año 1886 mientras su madre Lorenza Castro Cruz, vivía

públicamente en concubinato desde el año 1884 con Joaquín
Leandro Solís, causante de los demandados, en la casa de
éste, siendo su sola y única concubina cuando ambos no tenían
impedimento legal para contraer matrimonio y sin que ella
entonces mantuviera trato o relaciones de clase alguna con
otro hombre.   También expone que en 1897 murió sin testa-
mento dicho Joaquín Leandro Solís, habiendo sido los de-
mandados declarados sus herederos abintestato por auto judi-
cial de 1898 y que éstos están impedidos hoy de negar el
estado de la demandante como hija natural de Joaquín Lean-
dro Solís Kercado porque éste la consideró y trató siempre
como hija, llamándola así públicamente, teniéndola en tal con-
cepto, atendiendo a su sostenimiento y educación y despi-
diéndose de ella como tal hija en los momentos de su muerte
y en presencia de los demás hermanos; y además porque los
demandados, pública y privadamente, de palabra y por escri-
to han reconocido a la demandante como tal hija natural de
Joaquín Leandro Solís Kercado.   La segunda causa de ac-
ción se funda en que a la muerte de Joaquín Leandro Solís
Kercado, los demandados se posesionaron de sus bienes y,
sin contar con la demandante, practicaron la partición y liqui-
dación de ese caudal, que se repartieron, haciéndolo figurar
con un montante de 63,816 pesos 8 centavos, cuando en reali-
dad era de 150,000 pesos, el que en su mayor parte han ena-
jenado, por lo que la demandante está impedida de obtener
la rescisión de tal partición en cuanto los bienes han pasado
a terceros, y se niegan a entregarle los 11,500 pesos que a
ella correspondían por su legítima como hija natural.   La
tercera causa de acción está basada en que las rentas o pro-
ductos de su cuota hereditaria asciende desde 1897 en que
murió su padre, a la cantidad de 16,800 pesos que los deman-
dados se niegan a entregarle.   Las peticiones que se hicieron
a la corte fueron que declarase: que la demandante, en con-
currencia con los hijos legítimos de Joaquín Leandro Solís
Kercado, es heredera de éste, ascendiendo su participación
a 11,500 pesos; que los demandados deben reintegrárselos y

también pagarle 16,800 pesos como indemnización por las rentas o productos de su haber hereditario.

Los demandados excepcionaron la primera causa de acción por el fundamento de no aducir hechos que determinasen una causa de acción y también por la de prescripción de la acción que se trata de ejercitar, de conformidad con los artículos 199 y 1840 del Código Civil vigente. Las segunda y tercera causas de acción lo fueron por la de falta de hechos determinantes de causa de acción.

La corte de distrito sostuvo la excepción de prescripción y en tal sentido se registró sentencia en contra de la demandante, con las costas, la que por ésta fué apelada para ante esta Corte Suprema.

Sostiene la parte apelante en su alegato, que la corte inferior erró al estimar que en la primera causa de acción se ejercita la de filiación y por tanto que está prescrita, porque habiendo nacido la demandante durante el concubinato público de su madre con Joaquín Leandro Solís Kercado y en la casa de éste cuando ambos podían contraer matrimonio, adquirió el estado de hija natural reconocida de dicho señor y por consiguiente no ejercita ni necesita ejercitar la acción de filiación por lo que, estando ya reconocida, se limita a pedir su cuota hereditaria.

La ley que regula la condición de hija natural de la demandante es la 11 de Toro que regía en la fecha de su nacimiento, la que dice así:

"E porque no se pueda dubdar cuáles son fijos naturales, ordenamos y mandamos que entonces se digan ser fijos naturales, cuando al tiempo que nacieren o fueren concebidos, sus padres podían casar con sus madres justamente sin dispensación; con tanto que el padre lo reconozca por su fijo, puesto que haya tenido la mujer de quien lo ovo en su casa, ni sea una sola. Ca concurriendo en el fijo las cualidades susodichas, mandamos que el fijo sea natural."

1 Llamas y Molina 207, Comentario a las leyes de Toro.

Si bien en el derecho romano era indispensable que la concubina viviera en la casa del concubinario y por ello el hijo

nacido en tales condiciones tenía la presunción de ser hijo
natural del concubinario, requisito que las leyes de partidas
no exigían expresamente, sin embargo, al extender la ley 11
de Toro el beneficio de la *naturalidad* a los hijos de mujeres
que no fueran propiamente concubinas, borró la presunción
que antes existía para los nacidos de concubinas y desde en-
tonces es requisito indispensable para que el hijo tuviera el
concepto de natural que el padre le reconociera, expresa o
tácitamente. Por consiguiente, el mero hecho de que la de-
mandante naciera en la casa de Joaquín Leandro Solís Ker-
cado cuando éste tenía en su casa como concubina a la madre
de la apelante no es por sí solo bastante para darle el estado
de hija natural que aun en el derecho anterior a la ley de
Toro, sólo establecía una presunción, y por tanto sujeta a la
prueba de que los hechos de que dimanaba fueran ciertos,
por lo que aun entonces era necesario acreditarlos ante los
tribunales, para que como consecuencia de ellos se hiciera la
declaración de ser hijo natural, lo que equivalía a ejercitar
la acción de filiación. En el derecho de la citada ley de Toro
tales hechos implicarían un reconocimiento tácito del padre,
pero sujetos al juicio de filiación. De todos modos, ya esos
hechos se consideren como presunción del estado de hija na-
tural, como entiende la apelante, o sirvan para probar el
reconocimiento tácito, como entendemos nosotros, no tienen
otra alcance que el de servir de prueba de la acción de filia-
ción por lo que debemos concluir que la primera causa de
acción no tiene otro alcance que ese, demostrado además por
que la demanda consigna hechos tendentes a demostrar el
reconocimiento por actos y palabras del alegado padre. Si
se sostiene que por la demanda sólo se ejercita la acción de
participación hereditaria, no alegando la demandante que ha
sido reconocida de una manera solemne y auténtica, no ten-
dría causa de acción. *Matienzo* v. *Morales,* 16. D. P. R., 588;
*Calaf* v. *Calaf,* 17 D. P. R., 198.

Ahora bien, cuando en 1897 murió Joaquín Leandro Solís
Kercado, la demandante era menor de edad y tenía viva su

acción de acuerdo con el artículo 137 del Código Civil Español, mas disponiéndose por el 199 del Código Civil Revisado que la acción sólo durase hasta dos años después de ser el hijo mayor de edad y habiéndola alcanzado la demandante en 1907, de acuerdo con el artículo 317 que la fija a los veinte y un años cumplidos, se habían extinguido ya esos dos años cuando en 1911 presentó su demanda y por tanto estaba prescrita, por lo que no cometió error la corte inferior al declarar su prescripción.

Que la acción de filiación es prescriptible y que a las nacidas bajo el imperio de las leyes de Toro les son aplicables las disposiciones de los códigos posteriores sobre prescripción, son materias, tan ampliamente discutidas y resueltas en varias sentencia de este Tribunal Supremo, que nos basta remitirnos a ellas, con mayor razón cuando no es el punto discutido por la parte apelante.　Véanse los casos de *Gual* v. *Bonafoux,* 15 D. P. R., 559; *Amsterdam* v. *Puente,* 16 D. P. R., 554; *Escobar* v. *Escobar,* 16 D. P. R., 590; *Rijos* v. *Folgueras,* 16 D. P. R., 624, confirmada ésta en 24 de febrero de este año por la Corte Suprema de los Estados Unidos, 227 U. S., 375; *Calaf* v. *Calaf,* 17 D. P. R., 198.

Es innecesario considerar las otras dos causas de acción porque como están subordinadas a la primera, al estar prescrita ésta, no tienen razón de ser.

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.