JUDITH HERMINIA ROSSY PORRAS, demandante y apelante, *v.* MARÍA DE LOS ÁNGELES MARTÍNEZ, ELIO MANUEL ROSSY Y PORRAS Y ENRIQUE UMPIERRE Y CÍA., demandados y apelados.

Núm. 10000.—*Sometido:* Diciembre 1, 1949. *Resuelto:* Diciembre 21, 1949.

*Samuel R. Quiñones,* abogado de la apelante; *E. Martínez Rivera* y *Luis Blanco Lugo,* abogados de los apelados.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

De las siete causas de acción alegadas en la demanda presentada en 2 de octubre de 1947 por Judith Herminia Rossy Porras contra María de los Angeles García Martínez, Elio

Manuel Rossy Porras y Enrique Umpierre & Cía.(¹) sólo expondremos y discutiremos la primera, ya que las demás son consecuencia directa de ésta. En dicha primera causa de acción, según se desprende de la demanda enmendada radicada, se alega en esencia lo siguiente: Que Jesús María Rossy y Sebastiana Porras vivieron en concubinato ininterrumpidamente durante varias años, naciendo la demandante como consecuencia de esas relaciones en 4 de mayo de 1925; que desde la concepción y nacimiento de la demandante hasta al fallecimiento de Rossy, éste siempre la tuvo por hija, sosteniéndola, educándola, teniéndola pública y privadamente como hija suya y llamándola y tratándola como tal; que los demandados García Martínez y Rossy Porras siempre han reconocido a la demandante como hija de Jesús M. Rossy, siendo el demandado Elio Manuel Rossy Porras, nacido en 1923, hijo asimismo de Jesús M. Rossy y Sebastiana Porras; que en 5 de diciembre de 1928 Jesús M. Rossy prestó declaración jurada en forma de ley ante el encargado del registro civil de San Juan, expresando ser padre de la demandante y que ésta había nacido en la fecha ya indicada, solicitando la inscripción en dicho registro y levantándose entonces la correspondiente acta de reconocimiento; que en 30 de julio de 1941, y mediante escritura pública, Rossy otorgó testamento abierto en el cual reconoció como hija suya a la demandante; que dos días más tarde y a virtud de otra escritura pública Rossy otorgó nuevo testamento revocando el anterior, pero reconociendo una vez más a la demandante; que en el testamento otorgado el 30 de julio de 1941 se instituyó a la demandante como heredera, mas no así en el otorgado el 1ro. de agosto de 1941, en el cual sólo figuran como herederos de todos los bienes de Rossy los demandados María de los Án-

---

(¹)La sociedad Enrique Umpierre & Cía. figuraba como demandada debido a que según se hacía constar en la sexta causa de acción ella había dado a préstamo la suma de $10,000 a la demandada García Martínez y para garantizar el mismo se había otorgado hipoteca voluntaria sobre una de las fincas heredadas, así como un contrato de arrendamiento por término de cinco años.

geles García Martínez y Elio Manuel Rossy Porras; que
Jesús M. Rossy falleció en Trujillo Alto en 1942,([2]) estando
casado con la demandada María de los Ángeles García Mar-
tínez, con quien contrajo matrimonio en 10 de febrero de
1897, de quien se·divorció hacia el año 1932 ó 1933([3]) y con
quien volvió a contraer matrimonio a principios del año 1941,
sin que durante dichos dos matrimonios hubiera procreado
hijos con su legítima esposa y sin que dejara más hijos que
la demandante y el demandado Rossy Porras.([4])   En rela-
ción con esa causa de acción se suplica en la demanda se
declare a la demandante hija natural reconocida de Jesús
M. Rossy y se ordene que tal circunstancia se haga constar
en el Registro Civil de San Juan; que por motivo de su pre-
terición como heredera forzosa se anule la institución de
herederos contenida en el testamento otorgado en primero
de agosto de 1941; y que se decrete que ella, como heredera
forzosa en la proporción que determina la ley, es dueña de
la mitad de los bienes relictos al fallecimiento de Rossy.

A la demanda así presentada, la demandada García Mar-
tínez radicó moción para que se dictara sentencia sumaria,([5])
fundada en que la demanda se hacía depender principalmente
del alegado carácter de la demandante como hija natural
reconocida de Jesús M. Rossy; que de las propias alegaciones
de la demanda y del *affidavit* de méritos acompañado a la
moción([6]) aparece que la demandante fué concebida y nació
mientras Jesús M. Rossy era casado con la codemandada
García Martínez, estando en su consecuencia impedido legal-
mente para contraer matrimonio con Sebastiana Porras; que

---

([2])De los autos se desprende que Jesús M. Rossy falleció el 10 de mayo
de 1942.

([3])Surge igualmente de los autos que Jesús M. Rossy se divorció en
septiembre primero de 1933.

([4])En la primera ·demanda enmendada que figura en autos también se
alegaba que al contraer matrimonio la demandante, siendo ella menor de
edad, Jesús M. Rossy dió como padre su consentimiento para que ella se
casara, reconociéndola así también como hija natural suya.

([5])A esa moción se unió más tarde el demandado Rossy Porras.

([6])Este affidávit de méritos no figura en los autos elevados.

igualmente se desprende que el supuesto reconocimiento tuvo lugar antes de la vigencia de la Ley 229 de 1942 ((1) pág. 1297), siendo el reconocimiento efectuado en la forma indicada nulo y sin valor alguno, por no cumplir con los requisitos del párrafo primero del artículo 125 del Código Civil (edición de 1930), según regía a la fecha de la concepción y nacimiento de la demandante; y que procede dictarse sentencia sumaria a favor de los demandados.

En 2 de febrero del año en curso el Tribunal del Distrito de San Juan dictó sentencia sumaria declarando a la demandante hija natural reconocida de Jesús M. Rossy al solo efecto de llevar el apellido de su padre y sin lugar la demanda en todos sus demás extremos.

Sostiene la demandante en los tres errores señalados en su alegato que el tribunal inferior erró al dictar sentencia en la forma en que lo hizo. Al discutir los mismos alega que el derecho de los demandados a impugnar el reconocimiento de la demandante ha prescrito; que sólo los herederos forzosos pueden impugnar el reconocimiento hecho; que los demandados están impedidos (*estopped*) de alegar contra dicho reconocimiento; que la sección 2 de la Ley 229 de 1942 es de carácter retroactivo y, por ende, aplicable a la demandante; y que la filiación de ésta debe regirse por la indicada Ley 229 y no por el artículo 125. Discutiremos estas cuestiones en el orden en que han sido planteadas.

▆▆ Aunque la demanda radicada contenía distintas causas de acción, seis de ellas sólo se referían a derechos que dependían de que se declarara a la demandante hija natural reconocida de Jesús M. Rossy. Tal demanda, por tanto, podía calificarse como una estrictamente de reconocimiento. *Figueroa* v. *Díaz*, 20 D.P.R. 284. La acción para impugnar semejante reconocimiento es una de carácter personal, que no teniendo término fijo ha de interponerse antes de transcurrido el período de quince años. Artículo 1864 del Código Civil, ed. 1930; *Gastón* v. *Herederos de Franceschi*, 43 D.P.R. 300; *Alcaide* v. *Morales*, 28 D.P.R. 278, 294; *Castro* v. *Solís*,

19 D.P.R. 677. ¿Había prescrito el derecho de los demandados a impugnar el supuesto reconocimiento de lá demandante? A nuestro juicio no. Admitiendo a los fines de esta opinión que por ser la demandada María de los Ángeles García Martínez—viuda de Jesús M. Rossy—heredera forzosa de éste (artículo 736, inciso 3ro. del Código Civil, ed. 1930), su derecho a impugnar el reconocimiento hecho por Rossy a favor de la demandante surgió cuando éste en 5 de diciembre de 1928 prestó la declaración jurada ante el registro civil a que ya hemos aludido y que en tal virtud su derecho a oponerse a la demanda había prescrito cuando se instó la misma en 2 de octubre de 1947, nos hallamos, sin embargo, con el principio legal de que aunque de ordinario la prescripción es una defensa personalísima, cuando como ocurre en este caso la sentencia que en definitiva ha de dictarse es una inseparable e indivisible, la defensa de prescripción que favorezca a uno de los demandados beneficia también a los demás. *McCormick* v. *McCormick,* 64 D.P.R. 296, 302; *Valiente & Co.* v. *Corte,* 52 D.P.R. 732, 737; *Valiente & Co.* v. *Sucn. Fuentes,* 51 D.P.R. 327, 332; *Miller's Heirs* v. *McIntire,* 24 U.S. 440, 6 L. Ed. 515; *Powell* v. *Koehler,* 39 N.E. 195; *Croker* v. *Williamson,* 102 N.E. 588, 589; *Weichold* v. *Day,* 236 Pac. 649; 34 Am. Jur., sec. 193, pág. 156. Como en el caso de autos cualesquiera derechos de Elio Manuel Rossy Porras surgieron a la muerte del testador en 10 de mayo de 1942, su derecho a impugnar el alegado reconocimiento de la demandante no había prescrito, ya que desde esa fecha hasta la radicación de la demanda en 1947 no había transcurrido el término de quince años para la prescripción de las acciones personales sin término fijo de que nos habla el citado artículo. (Recuérdese que Elio Manuel Rossy Porras no era un heredero forzoso, sino meramente un heredero testamentario.) Empero, aún si aceptáramos también a los fines de la argumentación tal carácter de heredero forzoso, nos hallaríamos con que como él nació en 1923, por disposición expresa del

artículo 40 del Código de Enjuiciamiento Civil,[7] la prescripción no empezó a correr en su contra hasta el año 1944, cuando cumplió su mayoridad. En ese caso el período de quince años provisto en el artículo 1864, supra, no había expirado tampoco para la fecha de la radicación de la demanda. Siendo ello así, la defensa de prescripción acertadamente levantada por el demandado Rossy Porras, también beneficiaba a la codemandada María de los Ángeles García Martínez.

■ Por otra parte, tampoco tiene razón la demandante al sostener que sólo los herederos forzosos pueden impugnar su reconocimiento. Clemente de Diego, Instituciones de Derecho Civil, tomo 2, ed. 1930, pág. 518; *Ex parte Hernández,* 65 D.P.R. 142, 149. Por disposición expresa del artículo 126 del Código Civil, ed. 1930, "el reconocimiento hecho a favor de un hijo que no reúna las condiciones del párrafo primero del artículo 125 podrá ser impugnado por aquéllos a quienes perjudica."[8] No hay duda de que la demandante no era hija de padres que al tiempo de su concepción hubieran podido casarse, sin dispensa o con ella, ya que se admite que para el 4 de mayo de 1925, fecha de su nacimiento, su supuesto padre estaba casado con la codemandada María de los Ángeles García Martínez. Su reconocimiento podía, por ende, ser impugnado tanto por la viuda de Rossy como por el he-

---

[7] El artículo 40 del Código de Enjuiciamiento Civil provee:

"Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción:

1. Menor de edad; o

2. Demente; o

3. Encarcelada por acusación criminal, o cumpliendo sentencia por convicción en causa criminal por un término menor que el de su vida natural; o

4. Una mujer casada siendo su esposo parte necesaria con ella para principiar tal acción; *el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción.*" (Bastardillas nuestras.)

[8] El párrafo primero del artículo 125 del Código Civil provee: "Son hijos naturales los nacidos, fuera de matrimonio, de padres que al tiempo de la concepción de aquéllos hubieran podido casarse, sin dispensa o con ella."

redero Rossy Porras. Decimos esto porque es innegable que tanto los derechos hereditarios de la viuda como los de Rossy Porras hubieran sido perjudicados de decretarse que la demandante era en realidad una hija natural reconocida de Jesús M. Rossy. Véase Manresa, Comentarios al Código Civil Español, Vol. I, ed. 1943, págs. 649–651. También hemos resuelto que los herederos testamentarios de un finado no están impedidos de atacar el supuesto reconocimiento de un hijo natural. Véase *Alcaide* v. *Morales,* supra.

Está igualmente en un error la demandante al sostener que los demandados García Martínez y Rossy Porras estaban impedidos (*estopped*) de impugnar el presunto reconocimiento de la demandante. El artículo 126 del Código Civil ya citado se expresa en sentido contrario a esta contención.

■■ Hemos decidido asimismo en reiteradas ocasiones que la Ley 229 de 12 de mayo de 1942 ((1) pág. 1297), según fué enmendada por la núm. 243 de 12 de mayo de 1945 ((1) pág. 815) no tiene efecto retroactivo, sino prospectivo. *Cruz* v. *Andrini,* 66 D.P.R. 124, 126; *Fernández* v. *Sucn. Fernández,* 66 D.P.R. 881, 885; *Correa* v. *Sucn. Pizá,* 64 D.P.R. 987; así como que los derechos de los hijos nacidos con anterioridad a la vigencia de la Ley 229, supra, se rigen por el artículo 125 del Código Civil y no por esa ley. *Elicier* v. *Sucn. Cautiño,* ante, pág. 432; *Correa* v. *Sucn. Pizá,* supra, y casos en ellos citados. Nada hay que nos induzca a cambiar ahora de criterio. La demandante nació en 1925 de madre soltera, pero de padre casado con otra mujer. No era por tanto una hija natural a tenor de lo provisto por el artículo 125, supra.(⁹)

No habiéndose cometido ninguno de los errores señalados, *debe confirmarse la sentencia apelada.*

---

(⁹) Con respecto a la alegación contenida en la demanda al efecto de que los demandados María de los Angeles Martínez y Elio Manuel Rossy Porras han reconocido siempre a la demandante como hija de Jesús M. Rossy, véase *Elicier* v. *Sucn. Cautiño,* supra.

El Juez Asociado Sr. Negrón Fernández disintió por los razonamientos por él expuestos en la opinión disidente que dictó en el caso civil núm 9863, *Elicier* v. *Sucn. Cautiño,* con fecha 29 de julio de 1949, ante, pág. 440.