NICOLÁS CORTÉS CÓRDOVA, demandante y apelado, *v.* ALFREDO y FRANCISCA, conocida por TOMASA, CORTÉS ROSARIO, ET AL., demandados y apelantes los dos primeros; BUENAVENTURA CORTÉS RÍOS, interventor y apelado.

Núm. 10541.—*Sometido:* Agosto 26, 1952.—*Resuelto:* Septiembre 10, 1952.

*Enrique Igaravídez,* abogado de los apelantes; *E. Pérez Casal-duc,* abogado del demandante apelado, Nicolás Cortés; *Ángel M. Ciordia,* abogado del interventor ápelado; *Celestino Iriarte,* abogado de la Sra. Ostolaza y sus hijos.

El Juez Asociado Señor Ortiz emitió la opinión del tribunal.

En una demanda enmendada radicada en la antigua Corte de Distrito de Arecibo, a la cual nos referiremos como el Tribunal Superior de Arecibo, Nicolás Cortés Córdova alegó que su padre, Buenaventura Cortés, lo reconoció voluntariamente como hijo natural en una escritura otorgada el 15 de septiembre de 1943, de acuerdo con lo dispuesto en la Ley núm. 229 de 1942 ((1) pág. 1297), diciendo el padre en la escritura que por virtud del reconocimiento que hacía "gozara [el demandante] de todos los derechos y privilegios que a los hijos legalmente reconocidos reconocen las leyes actuales"; que su padre falleció el día 9 de octubre de 1948, y dejó un testamento abierto otorgado el 27 de agosto de 1948, en cuyo testamento instituyó como únicos y universales herederos a sus hijos legítimos, los demandados Alfredo y Francisca, conocida por Tomasa Cortés Rosario y a sus hijos naturales reco-

nocidos, los otros demandados Ventura, Angel Luis, Cristina, Angel Manuel, Antonio, Roberto, Arturo y Ernesto Cortés Ostolaza, omitiendo al demandante, para quien dispuso el derecho a usar su apellido y en un legado consistente en una finca de diez cuerdas y adjudicando otros bienes a sus otros hijos ya mencionados, (¹) habiendo hecho una partición en el testamento; que esa partición testamentaria perjudicó la legítima del demandante, ya que el valor total de los bienes adjudicados era mayor de $150,000. Se solicita en la demanda enmendada que se declaren nulas las instituciones de herederos hechas en los testamentos y se declare heredero al demandante en adición a los demandados; que se determine cuál era el capital repartible en la herencia y se determine cuál es la parte correspondiente al demandante, y además, que se declaren nulas las adjudicaciones hechas a los demás hijos y que mientras tanto, estos últimos paguen en metálico al demandante la diferencia entre su participación hereditaria y el valor de la finca a él legada.

Los demandados Alfredo y Francisca Cortés Rosario, en su contestación a la demanda enmendada, aceptaron que el demandante había sido reconocido voluntariamente en la escritura del 15 de septiembre de 1943, en la forma alegada en la demanda, pero niegan que él tuviese el carácter de hijo natural reconocido bajo las leyes vigentes a la fecha del fallecimiento del causante, aunque aceptaron esos dos demandados que en la escritura de testamento otorgada el 27 de agosto de 1948 el testador se refirió al demandante como "un hijo adulterino que tuvo el testador y al que le concedió el derecho de usar su apellido." También aceptaron esos dos demandados que en el testamento en cuestión se le reconoció al demandante el derecho a usar el apellido y se le adjudicó en legado la finca de diez cuerdas ya mencionada. Negaron que la partición

---

(¹) En la demanda enmendada se alega que en otros testamentos posteriores otorgados el 28 de octubre de 1948 y el 1ro. de septiembre de 1948, el testador hizo otras disposiciones testamentarias. Esos testamentos posteriores no afectan la situación planteada en este caso.

testamentaria perjudicase la legítima del demandante y negaron que el valor de los bienes en el "estate" fuese de $150,000 y que el valor de la finca legada al demandante fuese de $2,000. Los demás demandados no contestaron.

Después de haberse radicado la demanda enmendada y antes de presentarse la contestación que ya hemos mencionado, Buenaventura Cortés Ríos, otro alegado hijo del causante Buenaventura Cortés, radicó, previo permiso del tribunal, una demanda de intervención en la que alegó que el interventor nació el 19 de diciembre de 1921; que es hijo natural reconocido de Buenaventura Cortés, quien lo reconoció voluntariamente en la inscripción efectuada en el Registro Civil y constando así en el Acta de Nacimiento del interventor; que el causante otorgó testamento el 27 de agosto de 1948, habiendo instituído como sus únicos y universales herederos a las mismas personas demandadas por Nicolás Cortés, pero omitiendo totalmente al interventor y que el valor total de los bienes relictos es mayor de $170,000. Se solicita en la demanda de intervención que se declare que el interventor es hijo natural de Buenaventura Cortés; que se declaren nulas las instituciones de herederos, por haber sido preterido el interventor; que se declaren como únicos y universales herederos a los demandados, al hijo natural reconocido Nicolás Cortés Córdova y al interventor Buenaventura Cortés Ríos y se formulan las mismas otras súplicas contenidas en la demanda enmendada de Nicolás Cortés.

En su oposición a la moción para intervenir, los demandados Alfredo y Francisca Cortés Rosario expusieron que ellos "Niegan que Buenaventura Cortés Ríos haya sido reconocido voluntariamente por don Buenaventura Cortés, aunque aceptan que existe una declaración jurada de dicho causante que se alega tiene tal alcance, alcance que los demandados comparecientes le niegan a tal declaración; y niegan que dicho interventor haya sido reconocido en Acta de Nacimiento alguna."

En la contestación a la demanda de intervención de los demandados Alfredo y Francisca Cortés Rosario (²) exponen lo siguiente:

"3. Aceptan que Buenaventura Cortés Ríos nació en Manatí, Puerto Rico, el 19 de diciembre de 1921, aunque niegan que existe reconocimiento válido alguno efectuado por don Buenaventura Cortés de que tal interventor tiene el carácter de hijo natural reconocido, y por el contrario alegan que cualquier acto de reconocimiento llevado a cabo por don Buenaventura Cortés en relación con dicho hijo fué únicamente a los fines de dar a dicho hijo el apellido y nunca con el propósito de habilitarle como hijo natural reconocido, que nunca de hecho lo fué del referido Buenaventura Cortés; alegando finalmente los demandados Alfredo y Francisca Cortés Rosario que el referido Buenaventura Cortés Ríos no tiene derechos hereditarios algunos en los bienes de don Buenaventura Cortés.

"4. Se admite que en el testamento abierto otorgado el 27 de agosto de 1948, ante el Notario don Valentín Polanco de Jesús, por don Buenaventura Cortés, no se mencionó en forma alguna al interventor Buenaventura Cortés Ríos como heredero o parte interesada en la herencia de don Buenaventura Cortés, y ésto; alegan los demandados Alfredo y Francisca Cortés Rosario, fué así porque el referido Buenaventura Cortés Ríos no tiene derecho hereditario alguno en la referida herencia."

Posteriormente, o sea, el 28 de julio de 1950, el demandante Nicolás Cortés Córdova presentó una moción solicitando se dictara una sentencia sumaria, bajo la Regla 56 de las Reglas de Enjuiciamiento Civil, alegando que el reconocimiento de Nicolás Cortés como hijo natural de don Buenaventura se había hecho en una escritura pública otorgada el 15 de septiembre de 1943, copia de la cual estaba unida al expediente de un caso de administración judicial pendiente en el tribunal inferior, en donde Nicolás Cortés era peticionario, en cuyo caso los demandados habían comparecido y que todos los demás demandados, con excepción de Alfredo y Francisca Cortés Rosario, no habían contestado la demanda enmendada de Ni-

---

(²) Los demás demandados no contestaron la demanda de intervención.

colás Cortés ni la demanda de intervención de Buenaventura
Cortés Ríos. En cuanto a este último, se dice en la moción
de sentencia sumaria que el demandante Nicolás Cortés se
une al interventor para solicitar de la corte se conceda lo que
se solicita en la demanda de intervención, por considerar que
el estado de hijo natural del interventor se ha probado con
copia literal certificada de su acta de nacimiento y con copia
fotostática y certificada de la declaración jurada hecha por
don Buenaventura Cortés (padre) ante notario, el día 17 de
octubre de 1947. En la súplica de la moción se solicita que,
a tono con la Regla 56, se dicte una sentencia declaratoria
declarando nulos los testamentos otorgados por Buenaventura
Cortés; declarando que son herederos el demandante Nicolás
Cortés y el interventor Buenaventura Cortés Ríos (además
de los demás demandados) y ordenando los demás procedi-
mientos que sean justos y necesarios para conseguir que la
distribución de la herencia dejada por Buenaventura Cortés
se haga de acuerdo con las leyes vigentes a la fecha de su de-
función, 9 de octubre de 1948.

El día 11 de agosto de 1950 se celebró la vista en torno a la
moción de sentencia sumaria, compareciendo todas las partes
menos el interventor, aunque posteriormente, el 21 de agosto,
este último presentó una moción solidarizándose con y ha-
ciendo suya la moción del demandante en solicitud de sen-
tencia sumaria.

En la vista de la moción de sentencia sumaria el abogado
de los demás demandados, con excepción de Alfredo y Fran-
cisca Cortés, compareció y expuso oralmente que Nicolás Cor-
tés y Buenaventura Cortés Ríos eran herederos, y que a esos
demandados solamente les interesaba que se practicara la di-
visión de la herencia. El demandante Nicolás Cortés pre-
sentó prueba documental con el propósito de probar que tanto
Nicolás Cortés como Buenaventura Cortés Ríos eran hijos
naturales reconocidos. Los documentos ofrecidos y admiti-

dos por la corte y que estaban unidos al expediente de administración judicial de la herencia de don Buenaventura Cortés fueron los siguientes:

(1) Escritura de reconocimiento de hijo natural otorgada por el causante a favor de Nicolás Cortés Córdova, de fecha 15 de septiembre de 1943, ante el notario Valentín Polanco de Jesús, en donde se dice lo siguiente:

*"Primero:* Don Ventura Cortés, que hoy es divorciado, manifiesta que haciendo uso del derecho que le concede el artículo dos de la ley número doscientos veinte y nueve aprobada por la legislatura de Puerto Rico en doce de mayo de mil novecientos cuarenta y dos, reconoce como su hijo natural habido fuera de matrimonio y con anterioridad a la vigencia de dicha ley al otro compareciente Nicolás quien nació en Ciales, el día nueve de agosto de mil novecientos catorce, como producto de las relaciones amorosas entre el compareciente Ventura Cortés y la madre de Nicolás que nombra Narcisa Córdova y por quien fué inscrito en el Registro Civil de Ciales al folio 317 del libro 5 de nacimiento acta número 725, nacido en dicho día en el barrio Hato Viejo de Ciales. Por virtud de este reconocimiento el compareciente Nicolás en el futuro se llamará Nicolás Cortés Córdova y gozará de todos los derechos y privilegios que a los hijos naturales legalmente reconocidos reconocen las leyes actuales.

"ACEPTACIÓN

"Nicolás Cortés Córdova acepta el reconocimiento que le hace su señor padre don Ventura Cortés."

(2) Escritura de testamento abierto, otorgada por el causante el 27 de agosto de 1948, en donde se dice, en parte, lo siguiente:

"Lega a Nicolás Cortés Córdova, un hijo adulterino que tuvo el testador y al que le concedió el derecho de usar su apellido, un pedazo de terreno compuesto de diez cuerdas el cual se segrega de su finca en el barrio Hato Viejo de Ciales, en la colindancia con los terrenos de Juana Ostolaza y de Juan Ramón Ramos; sitio de colindancia que ya conocen sus herederos testamentarios y a los que le ordena entreguen dicho legado al referido Nicolás."

(3) Los demás testamentos ya mencionados.

(4) Una declaración jurada ante el notario J. Rodríguez Bonhomme el día 27 de octubre de 1947, jurada por don Buenaventura Cortés (estampando una cruz como marca, autenticada por un testigo de la marca), en donde don Buenaventura Cortés indica que, de acuerdo con lo prescrito en la Ley núm. 229 aprobada el 12 de mayo de 1942, y la Ley núm. 117 aprobada el 12 de mayo de 1943 (pág. 345), él reconoce a Buenaventura Cortés Ríos como su hijo natural "con derecho a usar mi apellido". Este documento era una fotocopia de un certificado original archivado en el Registro General Demográfico de Puerto Rico.

(5) Acta de nacimiento de Buenaventura Cortés Ríos, en donde se hace mención marginal de la declaración jurada por don Buenaventura Cortés, o sea, del documento anteriormente mencionado.

Después de haberse celebrado la vista ya mencionada, el ahora Tribunal Superior de Arecibo declaró con lugar la moción de sentencia sumaria y dictó sentencia decretando que tanto Nicolás Cortés como Buenaventura Cortés Ríos son hijos naturales válidamente reconocidos bajo la Ley núm. 229 de 1942, según fué enmendada por la núm. 243 de 1945 (pág. 815), con todos los derechos correspondientes; que Buenaventura Cortés Ríos fué preterido en los testamentos ya mencionados y que por lo tanto es nula la institución de herederos contenida en esos testamentos, abriéndose la sucesión intestada, debiendo distribuirse la herencia por partes iguales entre todos los demandados y el demandante y el interventor, respetando las mandas y mejoras que no fuesen inoficiosas. Se dispuso en la sentencia que la liquidación y división de la herencia se haga mediante el procedimiento de administración judicial pendiente ante el propio tribunal de Arecibo. Se condenó a todos los demandados al pago de las costas y a los dos demandados comparecientes se les condenó a pagar $150 de honorarios tanto al demandante como al interventor.

Contra esa sentencia han apelado ante este Tribunal Supremo los demandados Alfredo y Francisca Cortés Rosario, señalando los siguientes errores:

"*Primero*—La corte inferior erró al dictar sentencia sumaria en este caso bajo la Regla 56 de Enjuiciamiento Civil cuando existía entre las partes una controversia real en cuanto a un hecho material.

"*Segundo*—La corte inferior erró en su sentencia a favor del demandante al conceder a éste un remedio a que éste no tenía derecho.

"*Tercero*—La corte inferior erró en su sentencia al entrar a discutir presuntos derechos de Buenaventura Cortés Ríos, un interventor cuyo derecho a intervenir fué impugnado, que no radicó moción sobre sentencia sumaria, ni compareció, ni sometió cuestión alguna a dicha corte para resolución en la audiencia celebrada el 11 de agosto de 1950.

"*Cuarto*—La corte inferior erró al declarar a Nicolás Cortés Córdova y a Buenaventura Cortés Ríos hijos naturales reconocidos y herederos forzosos del causante Buenaventura Cortés.

"*Quinto*—La corte inferior erró al resolver que las mandas y legados eran inoficiosos, cuestión de hecho que tampoco fué sometida a la corte para resolución, y que la corte estaba impedida de resolver en solicitud de sentencia sumaria.

"*Sexto*—La decisión de la corte inferior es contraria a la ley y la jurisprudencia."

De las alegaciones de las partes, de las admisiones de los demandados en sus alegaciones y de la prueba documental no controvertida presentada en la vista de la moción de sentencia sumaria, surge claramente que tanto el demandante Nicolás Cortés como el interventor Buenaventura Cortés Ríos fueron válida y legalmente reconocidos por su padre, don Buenaventura Cortés, como hijos naturales de este último. Nicolás Cortés fué reconocido en una escritura pública otorgada ante notario, de reconocimiento de hijo natural, de fecha 15 de septiembre de 1943, escritura que fué otorgada exclusivamente con ese propósito. Fué reconocido además como tal en la escritura de testamento otorgada por el causante ante notario el día 27 de agosto de 1948. El interventor Bue-

naventura Cortés Ríos fué reconocido como hijo natural de don Buenaventura Cortés en una declaración jurada del propio don Buenaventura Cortés, a cuya declaración jurada se hizo referencia en el acta de nacimiento del interventor. Un reconocimiento de hijo natural establecido mediante una escritura pública o un testamento o una declaración jurada constituye un reconocimiento válido bajo las disposiciones de la Ley núm. 229 de 1942, según fué enmendada por la Ley núm. 243 de 12 de mayo de 1945, y constituye la "acción voluntaria" requerida por dichas leyes como necesaria para tal reconocimiento. La sección 2 de la Ley núm. 229 de 1942, según fué enmendada por la núm. 243 de 1945, dispone lo siguiente:

"Sección 2.—Los hijos nacidos fuera de matrimonio con anterioridad a la fecha de vigencia de esta Ley y que no tenían la condición de hijos naturales según la legislación anterior, podrán ser reconocidos por acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, a todos los efectos legales. Estos hijos quedarán legitimados por el subsiguiente matrimonio de sus padres entre sí.

"En caso de que los hijos a que se refiere esta sección no fueren reconocidos por la acción voluntaria de sus padres, y en defecto de éstos, por la de las personas con derecho a su herencia, dichos hijos se considerarán hijos naturales al solo efecto de llevar el apellido de sus padres. La acción para este reconocimiento se tramitará de acuerdo con el procedimiento que fija el Código Civil de Puerto Rico para el reconocimiento de hijos naturales; *Entendiéndose, sin embargo,* que tal reconocimiento sólo tendrá el alcance que aquí se expresa."

La acción voluntaria del padre a que se refiere dicha sección 2 exige el reconocimiento por parte de éste en el acta de nacimiento, o el otorgamiento por el presunto padre de un testamento o de cualquier otro documento público en que expresamente reconozca al hijo. *Correa* v. *Sucn. Pizá*, 64 D.P.R. 987; *Elicier* v. *Sucn. Cautiño*, 70 D.P.R. 432, 436; artículo 125 del Código Civil, ed. de 1930. En el caso de *Ramos* v. *Rosario*, 67 D.P.R. 683, se resuelve que de acuerdo con

la Ley núm. 117 de 1943, enmendatoria de la Ley núm. 24 de 1931, basta el otorgamiento de una declaración jurada por el padre o la madre reconociendo como suyo a un hijo y la presentación de esa declaración en el Registro Demográfico para conferir a éste el *status* de natural reconocido del padre o madre que suscribió tal declaración. En el caso de *Rossy* v. *Martínez*, 70 D.P.R. 737, el presunto padre de la demandante, supuesta hija adulterina, la reconoció mediante declaración jurada y mediante testamento, pero ambos documentos fueron suscritos y otorgados antes de la vigencia de la Ley núm. 229 de 1942. Se resolvió que siendo dicha ley prospectiva y no retroactiva, tal reconocimiento no cumplía con los requisitos de tal ley. Empero, en el caso de autos los documentos públicos que produjeron el reconocimiento del demandante y del interventor, se otorgaron con posterioridad a la vigencia de dicha ley. Por lo tanto, el caso de *Rossy* v. *Martínez*, supra, no es aplicable al de autos y, de acuerdo con sus propios términos, es aplicable la Ley núm. 229 de 1942, según enmendada.

 Bajo la tantas veces citada Ley núm. 229 de 1942, según enmendada por la núm. 243 de 1945, el demandante y el interventor tienen el *status* de hijos naturales reconocidos. Bajo la Ley núm. 448, aprobada el 14 de mayo de 1947 ((1) pág. 947), vigente en la fecha del fallecimiento del causante de ambos, y enmendatoria del artículo 902 del Código Civil, el caudal hereditario de don Buenaventura Cortés debe dividirse por partes iguales entre todos los hijos legítimos y los naturales reconocidos, o sea, entre todos los demandados y el demandante, Nicolás Cortés y el interventor Buenaventura Cortés Ríos, respetándose, desde luego, las mandas y legados que no sean inoficiosos. Ahora bien, en la escritura de reconocimiento de 15 de septiembre de 1943 el causante reconoció a Nicolás Cortés como su hijo natural y dispuso que él gozaría de todos los derechos y privilegios que a los hijos naturales legalmente reconocidos reconocen las leyes actuales.

En el testamento de 27 de agosto de 1948 él dice que él le había concedido a Nicolás Cortés el derecho de usar su apellido. En la declaración jurada de 17 de octubre de 1947, el causante reconoció a Buenaventura Cortés Ríos "el derecho a usar mi apellido". El hecho de que en estos últimos dos documentos, después de haber reconocido al demandante y al interventor, el causante hubiese indicado que ellos tenían el derecho a usar su apellido, no implica que ellos tengan que estar limitados exclusivamente a usar el apellido de don Buenaventura Cortés. La propia Ley núm. 229 de 1942, según enmendada, limita el derecho de hijos, que anteriormente no tenían la condición de hijos naturales, a llevar el apellido de sus padres exclusivamente, a aquellos hijos que no fuesen reconocidos por acción voluntaria de sus padres. Por lo tanto, aquellos hijos que fuesen reconocidos por acción voluntaria de sus padres, como ocurre en el caso de autos, tienen derecho, no solamente a usar el apellido de sus padres, sino también a la participación hereditaria que determine la ley. El hecho en sí del reconocimiento conlleva las consecuencias legales que ya hemos mencionado y el causante no puede, con sus expresiones, coartar o limitar esas consecuencias legales, ni cercenar los derechos hereditarios de sus hijos naturales válidamente reconocidos al igual que un testador no puede privar de su legítima a herederos forzosos. Una vez el padre reconoció válidamente a esos dos hijos, él no podía limitar personalmente los alcances de la ley.

 Al demandante Nicolás Cortés no se le incluyó en los testamentos como heredero, pero se le dejó un legado. Los artículos 742 y 743 del Código Civil, ed. de 1930, disponen lo siguiente:

"Artículo 742.—La preterición de alguno o de todos los herederos forzosos en línea recta, sea que vivan al otorgarse el testamento o sea que nazcan después de muerto el testador, anulará la institución del heredero; pero valdrán las mandas y mejoras cuando no sean inoficiosas.

"La preterición del viudo o viuda no anula la institución; pero el preterido conservará los derechos que le concede el presente código.

"Si los herederos forzosos preteridos mueren antes que el testador, la institución surtirá efecto.

. "Artículo 743.—El heredero forzoso a quien el testador haya dejado por cualquier título menos de la legítima que le corresponda, podrá pedir el complemento de la misma."

Si a un heredero no se le incluye en un testamento, pero sí se le deja un legado, ello no conlleva su preterición, y no queda anulada la institución de herederos, no siendo aplicable el artículo 742 del Código Civil. *Sosa* v. *Sosa*, 66 D.P.R. 606. En 6 Manresa, Comentarios al Código Civil Español, 6ta. ed., pág. 349, se dice lo siguiente:

"*Que la omisión sea completa.*—Esta condición se deduce del mismo artículo 814, y resulta con evidencia al relacionar este artículo con el 815. El heredero forzoso a quien el testador deja algo por cualquier título en su testamento, no se halla propiamente omitido, pues se le nombra y se le reconoce participación en los bienes hereditarios. Podría discutirse en el art. 814, si era o no necesario que se reconociese el derecho del heredero como tal heredero, pero el art. 815 desvanece esta duda. Aquél se ocupa de la privación completa o total, tácita; éste, de la privación parcial. Los efectos deben ser y son, como veremos, completamente distintos."

En este último caso el heredero a quien no se incluye en el testamento como heredero, pero a quien se le deja un legado, puede acogerse al artículo 743 del Código Civil y pedir el complemento de su legítima (a través de la acción "expletoria o *ad suplementum*") sin que quede anulada la institución de herederos. Manresa, ob. cit., págs. 357, 361; Sentencias del Tribunal Supremo de España de 21 de febrero de 1900 y de 25 de mayo de 1917.

Sin embargo, aunque en el caso del demandante Nicolás Cortés no hubo preterición, el interventor y heredero Buenaventura Cortés Ríos fué omitido totalmente en los testamentos. No solamente no se le incluyó como heredero, sino que

tampoco se le dejó legado de clase alguna ni se le mencionó en forma alguna. Fué preterido totalmente, y es, por lo tanto, aplicable el artículo 742 de nuestro Código Civil. La preterición de un solo heredero no implica la nulidad total del testamento pero sí conlleva la nulidad total de las instituciones de herederos, quedando abierta y produciéndose la sucesión intestada en cuanto a todos los herederos, aunque respetándose las mandas y legados que no sean inoficiosos. *Junghanns* v. *Cornell University*, 71 D.P.R. 673; *Ortiz* v. *Bermúdez*, 70 D.P.R. 707; *Semidey* v. *Viqueira*, 53 D.P.R. 467; *Iturrino* v. *Iturrino*, 24 D.P.R. 467; Manresa, ob. cit., pág. 349, 5 Valverde, Tratado de Derecho Civil, págs. 319–21; 6(2) Sánchez Román, Derecho Civil, págs. 1133, 1141.

Al haberse preterido al heredero Buenaventura Cortés Ríos, y al haberse anulado las instituciones de herederos tiene lugar la sucesión legítima o intestada y dicho heredero, o sea, el interventor tiene derecho a suceder *ab intestato* en concurrencia con los demás herederos forzosos o llamados por la ley al abintestato, pero los testamentos conservan su fuerza en cuanto al tercio libre, y valdrán las mandas y legados que no sean inoficiosos. Sánchez Román, ob. cit., pág. 1141.

 Habiéndose producido una situación de sucesión intestada en cuanto a los herederos, el tribunal a quo actuó correctamente, no solamente al decretar que el demandante y el interventor son herederos con derecho a participar en la herencia en igualdad con todos los demandados, sino que también al decretar que la partición se lleve a cabo en el procedimiento de administración judicial pendiente en ese mismo tribunal.

Bajo el artículo 556 del Código de Enjuiciamiento Civil (artículo 23, Ley de Procedimientos Legales Especiales), procede la administración judicial en la sucesión intestada o cuando el testamento, de haberlo, carece de validez. Es de aplicación a este caso, además, el artículo 875 de nuestro Código Civil, en virtud del cual la sucesión legítima o intestada

tiene lugar, entre otros casos, cuando el testamento es nulo o cuando no contiene institución de heredero en todo o en parte de los bienes. Ello ocurre cuando hay preterición. Sánchez Román, ob. cit., pág. 1133; 7 Manresa, ob. cit., pág. 53.

La administración judicial constituye un procedimiento adecuado para llevar a cabo la partición entre los herederos y legatarios envueltos en este caso. La acción incoada en el caso de autos ha servido para lograr una determinación en cuanto al *status* y los derechos hereditarios generales del demandante y del interventor. La sentencia sumaria ha puesto fin a este caso y procede ahora el verificar la partición en el procedimiento de administración judicial. En ese procedimiento, naturalmente, tendrán derecho a comparecer y a hacer efectivos sus derechos válidos los beneficiarios de mandas y legados que no sean inoficiosos, y todos los demandados tendrán las oportunidades correspondientes en cuanto a la partición.

Incidentalmente, en su demanda enmendada Nicolás Cortés formula una alegación en cuanto al valor de los bienes relictos y solicita en la súplica que se declare cuál es el capital repartible de la herencia dejada por don Buenaventura Cortés y se ordene la división de la herencia. Sin embargo, en su moción de sentencia sumaria, solicita el demandante que se hagan las declaraciones judiciales correspondientes en cuanto a su *status* y derechos hereditarios generales y se solicita que se ordenen los procedimientos que sean justos y necesarios para conseguir que la distribución de la herencia dejada por Buenaventura Cortés se haga de acuerdo con las leyes vigentes a la fecha de su defunción. El demandante varió la naturaleza de su súplica y ya no insiste en que se fije el valor de los bienes y se verifique la partición en este litigio específico. Se alega por los apelantes que no procede una sentencia sumaria en este caso, ya que existe una controversia en cuanto al valor de los bienes. Es cierto que las alegaciones de las partes en cuanto a la demanda enmendada y a la de in-

tervención formulan una controversia en cuanto a tal extremo. También es cierto que al expresar las conclusiones que le sirvieron de base a la sentencia, el tribunal inferior dijo lo siguiente:

"Si se pagaran en todo o en parte los legados y mejoras hechas por el testador, serían perjudicados no sólo los hijos naturales sino que también los legítimos."

Tal afirmación no tiene base en la prueba. Empero, en la parte dispositiva de la sentencia no se hace mención alguna ni se toma determinación alguna en cuanto al valor de los bienes del causante, ni al valor de las mejoras y legados, ni al valor concreto de las participaciones hereditarias de los hijos. Todo ello se deja para ser resuelto en el procedimiento de administración judicial. Por lo tanto, la expresión del tribunal inferior arriba citada debe ser considerada como superflua ("surplusage"). Al ordenar que la partición se verifique en el procedimiento de administración judicial, no resolvió la controversia en cuanto al valor de los bienes.

Sólo nos resta considerar la alegación de los apelantes al efecto de que la corte a quo erró al determinar los derechos del interventor, que no solicitó sentencia sumaria. De los autos surge que el tribunal inferior concedió válidamente permiso para intervenir a Buenaventura Cortés Ríos; que el demandante Nicolás Cortés presentó su moción de sentencia sumaria invocando sus derechos y los del interventor, y que este último posteriormente hizo suya la moción de sentencia sumaria. No se cometió tal error.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente señor Todd, Jr., no intervino.

Opinión concurrente emitida por el Juez Asociado Señor Negrón Fernández.

Concurro. Sin embargo, la reafirmación que con la cita de los casos de *Correa* v. *Sucn. Pizá*, 64 D.P.R. 987; *Elicier* v. *Sucn Cautiño*, 70 D.P.R. 432 y *Rossy* v. *Martínez*, 70 D.P.R. 737, se hace de la regla que informan dichas decisiones al

efecto de que la *acción voluntaria* del padre a que se refiere la sección 2 de la Ley núm. 229 de 12 de mayo de 1942, enmendada luego por la Ley núm. 243 de 12 de mayo de 1945, exige el reconocimiento por parte de aquél en el acta de nacimiento o el otorgamiento por parte del padre de un testamento o de cualquier otro documento público en que expresamente reconozca al hijo, me obliga a reiterar aquí mi criterio opuesto a dicha doctrina, según expresado en mi opinión disidente en el citado caso de *Elicier* v. *Sucn. Cautiño.*

Estoy conforme con la opinión del Tribunal a pesar del apuntamiento que en ella se hace de la mencionada regla, ya que el resultado del presente caso no gira alrededor de la aplicación de la misma a la situación de hechos que aquí gobierna. Los actos voluntarios de reconocimiento en que se predica la causa de acción ejercitada en este caso constan de documentos sobre los cuales no se suscitó contienda alguna que no fuera el efecto limitado de dichos reconocimientos. Y sobre este extremo, así como con los demás que no se relacionan con el mismo, estoy de acuerdo con la opinión del Tribunal.