Inés Rivera Rodríguez, en representación de las menores Olga Iris Rivera Rivera y Lydia Esther Rivera, demandante y apelada, *v.* Pedro Rivera Ríos, demandado y apelante.

Número 11730.

*Sometido:* 3 de enero de 1956.   *Resuelto:* 14 de febrero de 1956.

*Silvestre Cruz Disdier,* abogado del apelante; *Enrique Cuilan García,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal.

Alegando que Pedro Rivera Ríos es el padre de sus hijas Olga Iris y Lydia Esther, Inés Rivera Rodríguez reclamó una pensión alimenticia para ambas menores. El demandado negó la paternidad y, luego de un juicio en los méritos, el Tribunal Superior declaró la demanda sin lugar respecto a Lydia Esther y con lugar respecto a Olga Iris. Para ésta última fijó una pensión alimenticia de catorce dólares mensuales. No conforme con la sentencia, el demandado instó el presente recurso de apelación.

El tribunal a quo determinó, a base de las pruebas presentadas, que Pedro Rivera e Inés Rivera vivieron en un barrio de Orocovis públicamente como marido y mujer desde 1933 hasta 1946 y que durante esos años procrearon cinco hijos, los cuales reconoció el demandado voluntariamente como hijos suyos. En 1946 el demandado trabajaba fuera de Orocovis y sólo regresaba a su casa cada dos o tres semanas. Al descubrir que, en su ausencia, un tal Gregorio Vázquez dormía en la casa con Inés Rivera, el demandado se separó de ésta y desde entonces sólo visitó la casa de Inés para ver a sus hijos. Por otro lado, Gregorio Vázquez siguió teniendo relaciones con la madre de las dos menores desde 1946 hasta el presente, al principio en Orocovis, después en Juana Díaz (desde 1949) y últimamente en San Juan, donde ambos viven juntos como marido y mujer. Lydia Esther nació en Orocovis el día 7 de diciembre de 1947 y Olga Iris en Juana Díaz, el día 15 de septiembre de 1949. El demandado nunca reconoció a Lydia Esther como hija suya, pero firmó el certificado de nacimiento de Olga Iris como padre de ésta el día 21 de septiembre de 1949.

Considerando los hechos que acabamos de señalar, el Tribunal Superior llegó a la conclusión de que Lydia Esther no es hija del demandado-apelante, pero determinó que, al firmar el certificado de nacimiento de Olga Iris, el demandado la reconoció como hija suya, y que dicho reconocimiento "es

irrevocable no habiendo el demandado alegado que hizo el reconocimiento por error, dolo, intimidación o violencia". En consecuencia, resolvió que el demandado es el padre de Olga Iris y lo condenó al pago de alimentos.

■■ La cuestión única del recurso de apelación no es otra que la de si el referido certificado de nacimiento de Olga Iris establece la paternidad de la niña y obliga al demandado a prestarle alimentos, como lo resolvió el Tribunal Superior.

El art. 125 del Código Civil (31 L.P.R.A. 504) dispone (1) que el padre y la madre conjuntamente, o uno solo de ellos, puede reconocer a un hijo en el acta de nacimiento, y (2) que si el reconocimiento de un menor se realiza en el acta de nacimiento no es necesaria la aprobación judicial con intervención del fiscal. Como Olga Iris nació en 1949, no hay duda de que podía ser reconocida voluntariamente por el demandado independientemente de que sus padres hubieren podido o no contraer matrimonio al tiempo de su concepción. 31 L.P.R.A. 501. De ahí que, al firmar el demandado como padre el certificado de nacimiento de Olga Iris, *ipso facto* se estableció la filiación de ésta, sin necesidad de determinación o de confirmación ulterior por los tribunales, y dicho acto de reconocimiento voluntario engendra todas las consecuencias que fija la ley, sin que sea posible al padre limitarlas o condicionarlas en forma alguna. Véanse *Cortés* v. *Cortés,* 73 D.P.R. 693, 704–705 (1952) ; *Fernández* v. *Sucn. Fernández,* 66 D.P.R. 881, 886 (1947) ; *Puente* v. *Puente,* 16 D.P.R. 582, 585–587 (1910) ; Muñoz Morales, Reseña Histórica y Anotaciones al Código Civil de Puerto Rico (Libro Primero) (1947) 371. Entre estas consecuencias está naturalmente la obligación de prestación de alimentos que se establece en los arts. 143 a 151 del Código Civil (31 L.P.R.A. 561–570).

■■ Por otro lado, convenimos con el Tribunal Superior en que el reconocimiento de un hijo es irrevocable porque lo contrario sería incompatible con la permanencia del estado civil que es necesaria tanto en el orden social como en el económico. Mientras la situación legal de los hijos no quede

definida, ni los derechos inherentes a la patria potestad. ni las obligaciones relativas a alimentos, ni los derechos sucesorios quedan estabilizados.(¹)    Por supuesto, este principio de irretractabilidad no impide al padre impugnar el reconocimiento que hizo si justifica cualquier vicio del consentimiento que anula el acto, por ejemplo, error determinante, dolo, violencia o intimidación.(²)    En el caso de autos el demandado ni alegó ni probó la nulidad de su propio acto de reconocimiento.    Se limitó a declarar que él no había firmado el certificado de nacimiento de Olga Iris.    Pero hubo conflicto en la prueba y el tribunal sentenciador resolvió como cuestión de hecho que en realidad la firma que aparece en dicho certificado es la del demandado.    Nada hay en los autos que demuestre error manifiesto en la apreciación de las pruebas que hizo el tribunal a quo.

*Procede confirmar la sentencia apelada.*

---

(¹) Cf. Art. 672 del Código Civil (31 L.P.R.A. 2235).    Véanse Gómez Morán, La Posición Jurídica del Menor en el Derecho Comparado (1947) 102–104;  Puig Peña, Tratado de Derecho Civil Español, tomo II, Vol. II; (1951) 69–70;  Castán, Derecho Civil Español, Tomo IV (6a. ed.) (1944) 20–21;  Valverde, Tratado de Derecho Civil Español, Tomo IV (1926) 443–444;  Muñoz Morales, *op. cit.* supra, 371.

(²) Así se ha resuelto en Puerto Rico y en España a pesar del silencio que guarda la ley sobre la acción del padre para impugnar su propio reconocimiento.    Véanse *Alcaide* v. *Morales*, 28 D.P.R. 278, 291 (1920) y la sentencia del Tribunal Supremo de España de 25 de junio de 1909 (115 Jurisprudencia Civil 488).    También se declara en dichas sentencias que la referida acción prescribe a los quince años y sólo puede prosperar si el vicio del consentimiento se comprueba sin lugar a dudas y se deriva de hechos transcendentales que afecten directa y notoriamente la voluntad que motiva el acto de reconocimiento.    No nos concierne aquí la acción de impugnación del reconocimiento que puedan tener (1) "aquellos a quienes perjudica" según el art. 126 de nuestro Código Civil, y (2) el hijo menor reconocido para probar la verdadera paternidad.    Sobre estos extremos véanse Muñoz Morales, *op. cit.* supra, 393–401;  Castán, *op. cit.* supra;  34 Revista de Derecho Privado 1038–1039 (1950);  Puig Peña, *op. cit.* supra;  Manresa, Comentarios al Código Civil Español, Tomo I (1943) 649–650.